Noemi D. CASILLAS, Appellant,

v.

PECOS COUNTY COMMUNITY ACTION AGENCY, Appellee.

No. 3–89–190–CV.

Court of Appeals of Texas, Austin.

June 13, 1990.

Albert G. Valadez, Ft. Stockton, for appellant.

Stephen W. Spurgin, Ft. Stockton, for appellee.

Before SHANNON, C.J., and CARROLL and ABOUSSIE, JJ.

SHANNON, Chief Justice.

Appellant Noemi D. Casillas filed suit in the district court of Travis County asserting that appellee Pecos County Community Action Agency violated Tex.Rev.Civ.Stat. Ann. art. 6252–16a (Supp.1990). After hearing, the district court rendered summary judgment that Casillas take nothing upon the basis that the Act does not apply to appellee. This Court will reverse the summary judgment.

Appellee terminated Casillas from her employment on January 20, 1989. The reasons for her termination are disputed and are not important for present purposes.

Casillas grounded her suit upon Tex.Rev. Civ.Stat.Ann. art. 6252–16a, commonly known as the "Whistle Blower Act." In general, the Act prohibits a state or local governmental body from suspending or terminating the employment of a public employee who reports a violation of law. *Id.* at § 2. Casillas pleaded that she was a public employee who was terminated from appellee's employment for reporting violations of the law.

Appellee answered the suit denying, *inter alia*, that it, as a community action agency, was a "state or local governmental body" within contemplation of the Act and that, therefore, it was not liable for damages under the Act. Thereafter, appellee moved for summary judgment upon the same basis.

The community action agency concept was created by the Federal Economic Opportunity Act of 1964 (EOA). Act of Aug. 20, 1964, Title II, §§ 201–221, 78 Stat. 508, *repealed by* Omnibus Budget Reconciliation Act of 1981, Title VI, § 683, 95 Stat. 357. Under the EOA, a community action agency was "a state or political subdivision of a state, or a combination of such political subdivisions, or a public or private nonprof-

it agency or organization...." Economic Opportunity Amendments of 1967, Act of Dec. 23, 1967, Title II, § 210, 81 Stat. 672 (repealed 1981). An agency was composed of a tripartite board: one-third public officials, one-third "democratically elected" representatives of the poor, and one-third members of major groups or interests (e.g., labor groups, religious organizations, industry) in the community. *Id.* at § 211. Community action agencies were created for the purpose of enabling low-income families and individuals "to attain the skills, knowledge, and motivations and secure the opportunities needed for them to become fully self-sufficient." *Id.* at § 201.

In 1981, Congress repealed the community action agency provisions of the EOA and established the Community Services Block Grant Program, 42 U.S.C.A. §§ 9901–9912 (1983 & Supp.1989). *See* 42 U.S.C.A. § 9912(a). The purpose of this legislation was to deemphasize the role of the federal government in distributing funds and to build the role of state and local entities. The fundamental purpose of the program, distributing the funds in order to help low-income persons become more self-sufficient, did not change.

In Texas, the Department of Community Affairs oversees the funds distributed to community action agencies. Tex.Rev.Civ. Stat.Ann. art. 4413(201), § 4(12) (Supp. 1990). Additionally, the department insures that the regulations established by the federal and state governments are followed by the agency.

The affirmance of a summary judgment for a defendant depends upon whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corporation*, 450 S.W.2d 827, 828 (Tex.1970). Appellee asserts that its summary judgment proof conclusively established the non-existence of an essential element of Casillas' cause of action: appellee is not a "local governmental body" within the Act.

The Act defines a "local governmental body" as meaning:

(A) a county;

(B) an incorporated city or town;

(C) a public school district; or

(D) a special purpose district or authority.

Tex.Rev.Civ.Stat.Ann. art. 6252–16a, § 1(2). Without question, appellee is not a county, nor an incorporated city or town, nor a public school district. If appellee is a local governmental body at all subject to the Act, it must be "a special purpose district or authority." Appellee by its summary judgment motion asserts that as a matter of law it is not such a special purpose district or authority.

In support of its motion for summary judgment appellee filed several affidavits. Appellee asserts that the following summary judgment proof conclusively established that it was not a "special purpose district or authority": the affidavit of its president, Dwayne Bonham; appellee's articles of incorporation under the Texas Non–Profit Corporation Act; appellee's by-laws; and the affidavit of appellee's executive director, Anna Allen, along with attached copies of contracts entered into by the Texas Department of Community Affairs and appellee.

From such summary judgment proof, it appears that appellee is a non-profit corporation, incorporated in the State of Texas on February 13, 1979, pursuant to the EOA. Appellee operates exclusively for charitable and educational purposes primarily to help eliminate poverty and to aid deprived persons. Appellee contracts with various state and local governmental authorities and accepts donations from various private entities to provide assistance to the poor, including day care facilities, senior citizens' centers, and meals-on-wheels to the needy in a multi-county area. Although appellee receives tax money for its various programs, all state and federal funds are received as a result of various contracts which are entered into between the agency and various governmental authorities, thereby making the agency an "independent contractor." Appellee is ad-ministered by a paid Executive Director, who supervises approximately sixteen employees and at least ten volunteer staff members. Appellee is governed by a volunteer Board of Directors, consisting of representatives from various political and socio-economic groups in Pecos, Crane, and Terrell counties.

This Court is not aware of any authority determining whether or not a community action agency is a special purpose district or authority. Such a determination as a matter of law is rendered difficult because community action agencies have federal, state, and private components. *Cervantes v. Guerra*, 651 F.2d 974, 977 (5th Cir.1981). In *Cervantes*, the court wrote:

> Their structure is regulated by the CSA [Community Services Administration], and the federal government may provide eighty percent or more of their budgets. State and local governments must formally designate them before they may receive federal funds. Local government officials make up one-third of their governing boards. Yet no level of government supervises their day-to-day operations, and their very purpose is to function as autonomous bodies responsive to the poor in the community served.

*Id.* (footnote omitted).

Appellee maintains that because it is a non-profit corporation, as a matter of law, it cannot be a special purpose district. As this Court understands, the answer is not so simple. It is said that a public non-profit corporation may be a special purpose district while a private non-profit corporation may not. *See* W. Thrombley, *Special Districts and Authorities in Texas*, 97 (1959). Assuming for purposes of this opinion that such be the rule, this Court is not convinced that appellee conclusively proved that it was a private non-profit corporation and, therefore, conclusively was not a special purpose district.

In a conventional trial on the merits, Casillas would have the burden to establish appellee was a special purpose district or authority within the contemplation of the Act. Were this an appeal from a judgment in a case tried on the merits, upon this

record, this Court would be constrained to affirm the judgment. On summary judgment, however, it was appellee's burden to conclusively establish that it *was not* a special purpose district or authority. This Court has concluded that although appellee's summary judgment proof tends to show that it was not a special purpose district or authority, it does not conclusively do so.

The summary judgment is reversed and the cause is remanded for trial.

CARROLL, J., not participating.