cv5-299.dd.casillas 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00299-CV







Noemi O. Casillas, Appellant



v.



Pecos County Community Action Agency, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT


NO. 462,498, HONORABLE MARY PEARL WILLIAMS, JUDGE PRESIDING







PER CURIAM



 Noemi D. Casillas appeals the grant of a take-nothing summary judgment favoring
Pecos County Community Action Agency defeating her suit under the whistleblower act. She
challenges the procedure by which the court reconsidered an earlier denial of the motion for
summary judgment. We will affirm the judgment.

 Pecos prevailed on reconsideration of a second motion for summary judgment. The
second motion followed this Court's reversal of the trial court's grant of Pecos's first motion for
summary judgment. See Casillas v. Pecos County Community Action Agency, 792 S.W.2d 203
(Tex. App.--Austin 1990, writ denied). The trial court originally denied the second motion for
summary judgment in June 1994 after a hearing before Judge B.F. Coker with proper notice and
argument. Jury trial was set for March 13, 1995. On that day, before voir dire, Judge Mary
Pearl Williams conducted an unscheduled rehearing of the second motion for summary judgment;
Casillas objected that she had no notice that the denial of the summary judgment motion would
be reconsidered. Casillas also objected repeatedly to the court allowing attorney David Brooks
to "testify." Brooks, who was not Pecos's designated attorney but its designated expert witness
on the coverage of the whistleblower act, spoke at the hearing on the issue of whether Pecos was
a governmental entity subject to the act. The court granted the motion for summary judgment at
the hearing, but delayed signing the judgment for fifteen days to give Casillas time to file
summary judgment proof against the motion. Casillas filed no more proof or motions. The
judgment was signed on March 28, 1995.

 On appeal, Casillas challenges the procedure the court followed in granting the
summary judgment. She contends that the court erred by holding the reconsideration hearing
without notice and by allowing Brooks to testify. She does not challenge the merits of the
judgment.

 The court was not required to give notice that it would reconsider the motion,
though the better practice would be to give notice if possible. Courts have the power to
reconsider denials and to grant motions for summary judgment. Hunte v. Hinkley, 731 S.W.2d
570, 571 (Tex. App.--Houston [14th Dist.] 1987, writ ref'd n.r.e.). Nothing in the rules requires
the court to give notice of the rehearing of interlocutory denials of motions for summary
judgment. We find no inequity demanding imputation of a notice requirement in this case. The
parties undisputedly had timely notice of the original hearing under Texas Rule of Civil Procedure
166a(c). Casillas had the chance before the original hearing in June 1994 to file evidence and cite
authority for the court's consideration. Further, the court, though not required to do so, gave the
plaintiff fifteen days after the second hearing of the motion to file additional evidence before
signing the judgment; the plaintiff filed nothing during that period nor during the period during
which she could have moved for reconsideration or new trial. We find no reversible error. We
overrule point one.

 Neither do we find reversible error asserted against the court's decision to let
Brooks speak at the hearing about the inapplicability of the whistleblower act to Pecos--the issue
for which he was Pecos's designated expert. Casillas contends, rightly, that oral testimony is not
allowed at summary judgment hearings. See Tex. R. Civ. P. 166a(c). Contrary to Casillas's
assertion, Brooks did not testify at the hearing. He was not sworn, he was not examined, and he
was not cross-examined. The court asked him questions, but the court asked questions of all the
lawyers present. He was not a witness at the hearing, but an advocate. We find no basis to
consider his statements as impermissible testimony. (1) We overrule point two.

 Having overruled both points of error, we affirm the judgment.


Before Chief Justice Carroll, Justices Jones and B. A. Smith

Affirmed

Filed: December 6, 1995

Do Not Publish
1. Brooks may have jeopardized his ability to testify at a trial in this case; since the case
was resolved on summary judgment, that issue is not before us.



SPAN STYLE="font-family: CG Times">PER CURIAM



 Noemi D. Casillas appeals the grant of a take-nothing summary judgment favoring
Pecos County Community Action Agency defeating her suit under the whistleblower act. She
challenges the procedure by which the court reconsidered an earlier denial of the motion for
summary judgment. We will affirm the judgment.

 Pecos prevailed on reconsideration of a second motion for summary judgment. The
second motion followed this Court's reversal of the trial court's grant of Pecos's first motion for
summary judgment. See Casillas v. Pecos County Community Action Agency, 792 S.W.2d 203
(Tex. App.--Austin 1990, writ denied). The trial court originally denied the second motion for
summary judgment in June 1994 after a hearing before Judge B.F. Coker with proper notice and
argument. Jury trial was set for March 13, 1995. On that day, before voir dire, Judge Mary
Pearl Williams conducted an unscheduled rehearing of the second motion for summary judgment;
Casillas objected that she had no notice that the denial of the summary judgment motion would
be reconsidered. Casillas also objected repeatedly to the court allowing attorney David Brooks
to "testify." Brooks, who was not Pecos's designated attorney but its designated expert witness
on the coverage of the whistleblower act, spoke at the hearing on the issue of whether Pecos was
a governmental entity subject to the act. The court granted the motion for summary judgment at
the hearing, but delayed signing the judgment for fifteen days to give Casillas time to file
summary judgment proof against the motion. Casillas filed no more proof or motions. The
judgment was signed on March 28, 1995.

 On appeal, Casillas challenges the procedure the court followed in granting the
summary judgment. She contends that the court erred by holding the reconsideration hearing
without notice and by allowing Brooks to testify. She does not challenge the merits of the
judgment.

 The court was not required to give notice that it would reconsider the motion,
though the better practice would be to give notice if possible. Courts have the power to
reconsider denials and to grant motions for summary judgment. Hunte v. Hinkley, 731 S.W.2d
570, 571 (Tex. App.--Houston [14th Dist.] 1987, writ ref'd n.r.e.). Nothing in the rules requires
the court to give notice of the rehearing of interlocutory denials of motions for summary
judgment. We find no inequity demanding imputation of a notice requirement in this case. The
parties undisputedly had timely notice of the original hearing under Texas Rule of Civil Procedure
166a(c). Casillas had the chance before the original hearing in June 1994 to file evidence and cite
authority for the court's consideration. Further, the court, though not required to do so, gave the
plaintiff fifteen days after the second hearing of the motion to file additional evidence before
signing the judgment; the plaintiff filed nothing during that period nor during the period during
which she cou