Josephine HUNTE and Elkanah Glenn
Hunte, Appellants,

v.

Clark HINKLEY, M.D., and Aaron
Women's Clinic, Appellees.

No. A14–86–169–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

March 5, 1987.

Isaac Henderson, Houston, for appellants.

Terry O. Tottenham, Marilyn H. Elam, Joe D. Milner, Jr., Houston, Peter R. Meeker, Austin, Randall F. Butler, Houston, for appellees.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

This is an appeal from a take-nothing summary judgment in favor of appellees (defendants below) in a medical malpractice suit. Appellants (plaintiffs below) assert that appellees' Motions for Summary Judgment should not have been reconsidered once denied, and that there are fact issues to be resolved. We find no error and affirm.

On or about June 13, 1980, Josephine Hunte was admitted to Aaron Women's Clinic (Clinic) for termination of her pregnancy. That same day Dr. Clark Hinkley performed a vacuum aspiration procedure. Mrs. Hunte was released from the Clinic that afternoon with instructions to return three weeks later for a post-operative examination. Mrs. Hunte returned on July 3, 1980, and was examined by a Dr. Praver,

who determined that Mrs. Hunte's pregnancy had been successfully aborted. On July 16, 1980, Mrs. Hunte telephoned the Clinic to inform them that her personal physician had diagnosed her as being 11–12 weeks pregnant. The next day Mrs. Hunte returned to the Clinic and her pregnancy was confirmed. The Clinic instructed Mrs. Hunte that she could continue the pregnancy or terminate it. Mrs. Hunte left to discuss the situation with her husband and never called the Clinic back. That same day, July 17, 1980, Mrs. Hunte returned to her personal family physician, who admitted her to the hospital and performed an abortion by hysterotomy (surgical incision of the uterus).

Mrs. Hunte filed a medical malpractice suit against Dr. Hinkley and Aaron Women's Clinic on February 24, 1982. In May and June of 1983 Hinkley and the Clinic filed Motions for Summary Judgment, both of which were denied in September of 1983. Both Hinkley and the Clinic filed Motions for Reconsideration of the Motions for Summary Judgment. On January 15, 1986, both Motions for Summary Judgment were granted and the final judgment was signed.

In the first point of error appellants contend the trial court had no authority to reconsider and grant the same Motions for Summary Judgment it had previously denied.

■ A trial court has authority to reconsider its own rulings as long as it retains jurisdiction. This includes authority to reconsider and grant motions for summary judgment. *Bennett v. State National Bank, Odessa, Texas*, 623 S.W.2d 719, 721 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ). *See also Bachman Center Corp. v. Sale*, 359 S.W.2d 290, 291–92 (Tex.Civ.App.—Dallas 1962, writ ref'd n.r.e.). The first point of error is overruled.

■ In the second point of error, appellants contend the trial court erred in granting summary judgment because existing fact issues remained to be resolved. First, appellants assert that Dr. Hinkley's affidavit supporting his Motion for Summary Judgment fails to meet the test for affidavits of interested expert witnesses because it contains inconsistencies and contradictions when compared to deposition testimony and a later affidavit. Appellants cite Tex.R.Civ.P. 166-A(c) and *Duncan v. Horning*, 587 S.W.2d 471 (Tex.Civ.App.—Dallas 1979, no writ), and point to an inconsistency in the date of the follow-up visit. Dr. Hinkley's affidavit attached to his original Motion for Summary Judgment states that Mrs. Hunte was scheduled to return to the Clinic on July 15, 1980, for post-operative exam. In the affidavit filed in connection with the Motion for Reconsideration the date was changed to July 5, 1980. The record indicates the mistake in the original affidavit resulted from incorrectly interpreting notations in a medical chart handwritten as "5/5." Contrary to appellants' argument, the correction of the date does not create a fact question as to whether a follow-up examination was scheduled.

Appellants also complain that there are fact issues to be resolved concerning their allegations of negligence on the part of Aaron Women's Clinic. In their Second Amended Petition, the operative pleading before the trial court when the Motions for Summary Judgment were granted, appellants alleged the Clinic was (1) vicariously liable for the negligence of Dr. Hinkley, (2) negligent in failing to secure a proper, complete and thorough pathology report, and (3) negligent in failing to diagnose Mrs. Hunte's continued pregnancy at her follow-up exam. In its Motion for Reconsideration the Clinic did not respond to these allegations.

We find that, as a matter of law, the Clinic could not be liable for the acts or omissions alleged in the amended petition because each of the alleged acts or omissions was that of an independent contractor. *Abalos v. Oil Development Co. of Texas*, 544 S.W.2d 627, 631 (Tex.1976); *Jeffcoat v. Phillips*, 534 S.W.2d 168, 172 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.).

■ First, the summary judgment evidence established that Dr. Hinkley was an independent contractor. Next, the evidence shows that the pathology findings

were supplied by an independent pathologist who rendered an opinion and sent it back in the form of a pathology report to the Clinic. The reading and interpretation of the pathology report were entirely within the province of the attending physician, not the Clinic. The Clinic is not liable for any act or omission of its independent contractors. Further, based on the summary judgment evidence there was no genuine issue as to whether the pathology report was proper or incomplete.

Last, as a matter of law, the Clinic is not liable for any failure to diagnose Mrs. Hunte's continued pregnancy at her follow-up examination. Diagnosis is a medical function that the Clinic is prohibited by law from making under the Medical Practice Act, Tex.Rev.Civ.Stat.Ann. art. 4495b (Vernon Supp.1987). Any diagnosis of Mrs. Hunte's condition was made by the physician who examined her.

We have read all summary judgment evidence on file including all depositions and find no question of fact as to Dr. Hinkley's standard of care or the existence of any liability on the part of the Clinic.

Accordingly, the second point of error is overruled.

The judgment of the trial court is affirmed.