[COMMENT1] 

 

 

 

 

 

                                      COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-356-CV

 

 

LARRY REYNOLDS                                                               APPELLANT

 

                                                   V.

 

SOUTHWESTERN BELL TELEPHONE,                                        APPELLEES

L.P.
AND PORTFOLIO RECOVERY

ASSOCIATES,
L.L.C.

 

                                              ------------

 

         FROM
COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Larry Reynolds
appeals the trial court=s granting
of summary judgment in favor of Appellees Southwestern Bell Telephone (SWB) and
Portfolio Recovery Associates, L.L.C. (PRA). 
Reynolds asserts that the trial court erred by granting summary judgment
in favor of SWB and PRA on his claim for fraud, by granting summary judgment in
favor of SWB and PRA on his claim for declaratory judgment, by granting summary
judgment in favor of PRA on his claim for a violation of the Texas Finance
Code, and by denying his motion for new trial. 
We affirm. 

FACTUAL BACKGROUND

Reynolds filed an original
petition alleging that he received demand letters from PRA asserting that he
owed sums of $273.05 and $98.77 on two accounts.  The record reflects that the accounts were
opened by a person claiming to be Reynolds= wife during March 2001, and they were terminated due to non-payment
in May 2001.

SWB attempted to collect on
the accounts by sending letters to ALarry Reynolds@ at the
billing address supplied when the accounts were opened.  After SWB=s attempts to collect the delinquent amounts were unsuccessful, PRA
purchased the two accounts from SWB on March 13, 2003.  Following the sale, SWB no longer held any
ownership interest in the accounts. 
Reynolds alleged that he first learned of the accounts in mid-April
2003.  On July 15, 2003, SWB=s senior counsel, Mark Ferrell, sent a letter to Reynolds= attorney, Bryan Cannon, in response to a letter Cannon wrote to PRA
on Reynolds=
behalf.  In the letter, Ferrell explained
that Reynolds Aowes the
amount on these accounts and needs to pay [PRA], which purchased the accounts
from SWB.@ 








PRA sent Reynolds letters
concerning the accounts, and Reynolds called PRA to dispute the accounts.  A PRA employee informed Reynolds that she
would fax him affidavits of fraud in order to contest the accounts, and she
told Reynolds that PRA would then investigate the accounts.

Reynolds completed the
affidavit of fraud or forgery and returned it to PRA.  PRA investigated the accounts and determined
that the accounts were Afraudulent
or bogus,@ and PRA
informed Reynolds that it was going to purge 
them. Then, PRA sent a letter stating that it had purged one of the
accounts, but later, two PRA employees assured Reynolds PRA had purged both
accounts.  In his deposition, Appellant
stated that PRA made no further collection attempts and that PRA did remove the
mark it had placed on his credit report. 
According to SWB, PRA never notified it that Reynolds had contested the
validity of the accounts.

On August 4, 2003, Reynolds
filed suit against PRA and SWB.  He
sought a declaration from the court that he was not liable for payment on these
accounts.  He further alleged claims for
fraud and violations of chapter 392 of the Texas Finance Code.








On September 24, 2003, SWB
repurchased the accounts, which had a zero balance, from PRA.  SWB filed a motion for summary judgment on
Reynolds= claims for declaratory judgment and fraud.  PRA also filed a motion for summary judgment,
incorporating by reference SWB=s motion for summary judgment. 
The trial court entered a partial summary judgment on Reynolds= fraud claims against PRA and SWB, but denied summary judgment on his
declaratory judgment action.

SWB then filed a second
motion for summary judgment, attaching an affidavit stating that since the
repurchase, SWB has not engaged in any collection activities related to the
account.  SWB also attached Reynolds= affidavit, wherein he acknowledged that he was not aware of any
further collection efforts made by SWB on these accounts.  PRA also filed a supplemental motion for
no-evidence and traditional summary judgment and request for attorney=s fees on Reynolds= declaratory judgment action and his claims for fraud and violations
of the Texas Finance Code.  The trial
court granted the summary judgment and entered a final judgment with respect to
all of Reynolds= causes of
action.

STANDARD OF REVIEW

1. No-evidence Motion for
Summary Judgment








After an adequate time for
discovery, the party without the burden of proof may, without presenting
evidence, move for summary judgment on the ground that there is no evidence to
support an essential element of the nonmovant=s claim or defense.  Tex. R. Civ. P. 166a(i).  The motion must specifically state the
elements for which there is no evidence. 
Id.; Johnson v. Brewer & Pritchard, P.C., 73 S.W.3d 193, 207
(Tex. 2002).  The trial court must grant
the motion unless the nonmovant produces summary judgment evidence that raises
a genuine issue of material fact.  See
Tex. R. Civ. P. 166a(i) &
cmt.; Sw. Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002).

We review the evidence in the
light most favorable to the party against whom the no evidence summary judgment
was rendered.  King Ranch, Inc. v.
Chapman, 118 S.W.3d 742, 751 (Tex. 2003), cert. denied, 541 U.S.
1030 (2004); Johnson, 73 S.W.3d at 197; Morgan v. Anthony, 27
S.W.3d 928, 929 (Tex. 2000).  If the
nonmovant brings forward more than a scintilla of probative evidence that
raises a genuine issue of material fact, then a no evidence summary judgment is
not proper.  Moore v. K Mart Corp.,
981 S.W.2d 266, 269 (Tex. App.CSan Antonio 1998, pet. denied). 

When a party moves for
summary judgment under both rules 166a(c) and 166a(i), we will first review the
trial court=s judgment
under the standards of rule 166a(i).  Ford
Motor Co. v. Ridgway, 135 S.W.3d 598, 600 (Tex. 2004).  If the appellants failed to produce more than
a scintilla of evidence under that burden, then there is no need to analyze
whether the appellee=s summary
judgment proof satisfied the less stringent rule 166a(c) burden.  Id.

 








2.  Traditional Motion for Summary Judgment

A defendant who conclusively
negates at least one essential element of a cause of action is entitled to
summary judgment on that claim.  IHS
Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason, 143 S.W.3d
794, 798 (Tex. 2004).  Once the defendant
produces sufficient evidence to establish the right to summary judgment, the
burden shifts to the plaintiff to come forward with competent controverting
evidence raising a genuine issue of material fact with regard to the element
challenged by the defendant.  Centeq
Realty, Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex. 1995).

FRAUD CLAIM

In his first issue, Appellant
contends that the trial court erred by granting SWB=s motion for summary judgment on his fraud claim.  In his second issue, he asserts that the
trial court erred by granting summary judgment in favor of PRA on his fraud
claim because the trial court granted summary judgment on grounds not set forth
in the motion for summary judgment.  








To recover for fraud,
Reynolds bears the burden to prove the existence of Aa material misrepresentation, which was false, and which was either
known to be false when made or was asserted without knowledge of the truth,
which was intended to be acted upon, which was relied upon, and which caused
injury.@ DeSantis v. Wackenhut Corp., 793 S.W.2d 670, 688 (Tex. 1990), cert.
denied, 498 U.S. 1048 (1991).

1. SWB

SWB challenged Reynolds= fraud claim with both a traditional motion for summary judgment and a
no-evidence motion for summary judgment. 
In its no-evidence motion for summary judgment, SWB asserted that there
was no evidence that SWB knowingly or intentionally made a false
representation, there was no evidence that Reynolds relied upon any
representation of SWB, and there was no evidence that Reynolds suffered damages
as a result of any such reliance.

Reynolds responded to the
motion for summary judgment and attached a photocopy of the letter to Bryan
Cannon, Reynolds= attorney
from SWB senior counsel Mark Farrell, which related to the accounts that formed
the basis of the lawsuit.  Ferrell wrote
the letter in response to a letter written by Cannon on behalf of Reynolds
regarding the accounts.  In the letter,
Ferrell explains that SWB=s records
show that Reynolds or his wife established service for both accounts, each
account had an outstanding balance and was disconnected, and that Reynolds owes
the amount on these accounts to PRA, which had purchased the accounts.








SWB contends that Reynolds
has not presented evidence that he was induced by the falsehood to take a
particular course of action, nor has he presented evidence in support of his
contention that he was induced by any representation made by SWB.  The letter that Reynolds attached to his
summary judgment response does not include evidence raising a fact issue as to
whether Reynolds was induced into taking any particular action in reliance on
the allegedly false representations or raising a fact issue as to whether he
suffered damages as a result of the allegedly false representations. 








Reynolds stated in his
response to the motion for summary judgment that he Awas forced to file a lawsuit as a result of SWB=s fraudulent activity, and as a result, [he] has suffered damages.@  Clearly, Appellant=s petition was on file with the trial court.  However, pleadings, even if sworn to, do not
constitute summary judgment proof.  Laidlaw
Waste Sys., Inc. v. City of Wilmer, 904 S.W.2d 656, 660 (Tex. 1995).  Appellant never filed an affidavit stating
that he was induced into filing the lawsuit because of the alleged fraudulent
representations of SWB, nor did he present any other competent summary judgment
evidence to that effect.  Accordingly,
Reynolds has failed to produce more than a scintilla of evidence under the
no-evidence standard, and there is no need to analyze whether SWB=s summary judgment proof satisfied the less stringent rule 166a(c)
burden.  See Ford Motor Co., 135
S.W.3d at 600.  We overrule Reynolds= first issue.  

2. PRA

On February 8, 2005, SWB
moved for summary judgment on Reynolds= claims for declaratory judgment and fraud.  On February 15, 2005, PRA filed a motion for
summary judgment incorporating by reference SWB=s motion for summary judgment on Reynolds= clams for declaratory judgment and fraud.  The substance of PRA=s motion states as follows:

Portfolio Recovery Associates, L.L.C., Defendant
(APRA@),
moves for summary judgment on all claims asserted by Larry Reynolds, Plaintiff,
against PRA on the same grounds urged by Southwestern Bell Telephone, L.P. (ASBT@), in
Defendant Southwestern Bell Telephone, L.P.=s Motion for Summary Judgment
(the AMotion@),
which Motion PRA, as authorized by Tex. R. Civ. P. 58, hereby adopts by
reference. 

PRA requests
that the Court, after hearing, grant the Motion and enter judgment the
Plaintiff take nothing by his claims against PRA. 








The trial court held a
hearing and granted PRA and SWB summary judgment on Reynolds= fraud claim, but denied summary judgment on his declaratory judgment
action.  Appellant asserts that the trial
court improperly granted summary judgment in favor of PRA on his cause of
action for fraud because the grounds for summary judgment were not expressly
presented in the summary judgment motion itself.  See McConnell v. Southside I.S.D., 858
S.W.2d 337, 340-41 (Tex. 1993) (holding that if the grounds for summary
judgment are not expressly presented in the motion for summary judgment itself,
the motion is legally insufficient as a matter of law).  Appellant does not assert that the summary
judgment evidence does not support the trial court=s granting of summary judgment.

Although PRA=s first motion for summary judgment was deficient because PRA did not
expressly set forth the grounds for summary judgment in the motion itself, PRA
subsequently filed a supplemental motion for summary judgment, reurging the
grounds for summary judgment on Reynolds= declaratory judgment action, fraud claim, and finance code
claim.  The trial court then issued a
final order granting PRA and SWB summary judgment as to all of Reynolds= claims.  Reynolds asserts that
the second motion for summary judgment was superfluous because at the time that
PRA moved for summary judgment on his fraud claim, the trial court had already
dismissed the fraud claim. 








A trial court may properly
grant summary judgment after having previously denied summary judgment, as long
as the court retains jurisdiction over the case.  Hunte v. Hinkley, 731 S.W.2d 570, 571
(Tex. App.CHouston
[14th Dist.] 1987, writ ref=d n.r.e.). A partial summary judgment is an interlocutory order and
does not become final until after the disposition of the other issues in the
case.  Newco Drilling Co. v. Weyand,
960 S.W.2d 654, 656 (Tex. 1998). 
Accordingly, because the initial order granting summary judgment in
favor of PRA on Reynolds= claim for
fraud was interlocutory, the trial court retained jurisdiction over the case
and had authority to reconsider the granting of summary judgment.  Thus, the trial court acted within its
authority in reconsidering its prior summary judgment ruling, including its
ruling on Reynolds= fraud
claim.  Therefore, we hold that the trial
court did not err in granting PRA=s supplemental motion for summary judgment.[2]  We overrule Reynolds= second issue. 

DECLARATORY JUDGMENT CLAIM

In his third issue, Reynolds
argues that the trial court erred in granting SWB=s and PRA=s motions
for summary judgment on his declaratory judgment claim.  SWB and PRA both moved for summary judgment
on this claim during February 2005, and the trial court denied the motion on
March 24, 2005.  SWB and PRA each filed a
second motion for summary judgment.  The
trial court granted final summary judgment on Reynolds= declaratory judgment action against both SWB and PRA.  SWB and PRA contend that summary judgment was
proper because no justiciable controversy exists between the parties. 








Civil practices and remedies
code section 37.004 authorizes declarations on the construction or validity of
written contracts before or after a breach. 
Tex. Civ. Prac. & Rem. Code
Ann. ' 37.004
(Vernon 1997).  A declaratory judgment is
appropriate only if a justiciable controversy exists as to the rights and
status of the parties and the controversy will be resolved by the declaration
sought.  Bonham State Bank v. Beadle,
907 S.W.2d 465, 467 (Tex. 1995).  To
constitute a justiciable controversy, a real and substantial controversy must
exist involving a genuine conflict of tangible interests and not merely a
theoretical dispute.  Id.  Texas courts do not have the authority to
render judgments that merely constitute advisory opinions.  Patterson v. Planned Parenthood of Houston
& S.E. Tex., Inc., 971 S.W.2d 439, 443 (Tex. 1998).  The courts may not review hypothetical or
contingent situations, or determine questions not currently essential to the
decision of an actual controversy. 
Firemen=s Ins. Co.
of Newark v. Burch, 442 S.W.2d 331, 333 (Tex.
1968). 

1. SWB








Reynolds argues that a
justiciable controversy exists because SWB=s summary judgment proof demonstrated that it had the ability to
adjust what it claimed to be owed and, just as a keystroke reduced the account
to zero, another keystroke could reinstate the balance to pre-suit levels or
higher.  He asserts that there is a
difference between not being liable on the accounts and being liable for an
account with a zero balance.

The record indicates that PRA
reduced the accounts to zero and resold the accounts to SWB with a zero
balance.  SWB has made no collection
efforts on these accounts since the time SWB repurchased them, and SWB=s records have indicated that at all times since that date, the
balance due on the accounts is zero. 
According to the affidavit of Stephanie Viator, SWB does not intend to
engage in collection activities related to the accounts, nor has it engaged in
collection activities related to the accounts at any time since March 13,
2003.  Furthermore, she stated that  SWB has not, will not, and has never intended
to report the accounts to any credit reporting entity as charged off,
delinquent, or otherwise unpaid. 
Reynolds testified that he was not aware of SWB taking any steps to
collect on the accounts after he sent the affidavits of fraud or forgery to PRA
and after he received the July 15, 2003 letter from Ferrell.








The summary judgment proof
established that there was no debt, and therefore, there was no controversy for
the court to decide.  There was and is no
real or substantial controversy involving a genuine conflict of tangible
interest between the parties; thus, a declaratory judgment would be improper. See
Beadle, 907 S.W.2d at 467.  Reynolds= argument that Ajust as a
keystroke >reduced= the balance to zero another keystroke could reinstate the balance to
pre-suit levels or higher@
demonstrates that his claim was at best a hypothetical one.  His concern was not currently essential to
the decision of an actual controversy; thus, the trial court had no authority
to review his claim.  See Burch,
442 S.W.2d at 333.  We hold that the trial
court properly granted summary judgment in favor of SWB on Reynolds= request for a declaratory judgment. 

2. PRA

Reynolds argues that a
justiciable controversy exists because PRA refused to provide any written evidence
or assurance that he was not liable on the accounts.  The record reflects that PRA did not own
these accounts at the time the trial court granted PRA summary judgment on
Reynolds= declaratory judgment action. 
Because PRA purged these accounts and no longer owned them, no
controversy existed between Reynolds and PRA, and a declaratory judgment in
favor of Reynolds would have been improper. 
See Beadle, 907 S.W.2d at 467. 
Thus, the trial court properly granted summary judgment in favor of PRA
on Reynolds= declaratory
judgment action.  Because we determine
that summary judgment in favor of both SWB and PRA was appropriate, we overrule
Reynolds= third issue. 

 

 








FINANCE CODE CLAIMS

In his fourth issue, Reynolds
contends that the trial court erred in granting summary judgment in favor of
PRA on his finance code claims.  Reynolds
asserted that PRA violated chapter 392 of the finance code by Amisrepresent[ing] the character, extent, or amount of consumer debt.@  See Tex. Fin. Code Ann. ' 392.304(a)(8) (Vernon 2005).  A
person may sue for actual damages sustained as a result of a violation of
chapter 392.  Tex. Fin. Code Ann. ' 392.403.   

PRA filed a combined motion
for summary judgment asserting that summary judgment against Reynolds on his
finance code claims would be proper under either the traditional standard or
the no-evidence standard.  PRA also moved
for summary judgment on the affirmative defense of bona fide error. 








Reynolds asserts that a May
8, 2003 letter written to him from PRA Aalone created an issue of fact as to whether or not PRA engaged in any
misrepresentation of the character, extent, or amount of consumer debt in
violation of section 392.304 of the Texas Finance Code.@  According to Reynolds, his
cause of action was established because the letter stated, Athe balance above [$273.05] reflects the account balance as of the
date of this letter.  You may contact us
to obtain an exact payoff amount for a future date.@  Reynolds contends that by
misrepresenting to him that he owed any money on this account, PRA violated
section 392.304.  However, the body of the
letter, in its entirety, reads as follows:

[PRA]
is in receipt of a dispute concerning the above account. * As part of our
investigation of this dispute, and to verify the accuracy of our information
concerning this account, we have requested account validation documents be sent
to us by the seller of the account.  We
will forward these documents to you as soon as we receive them. 

 

Our
records indicate that we or one of our wholly owned subsidiaries purchased this
SOUTHWESTERN BELL TELEPHONE credit account 02/18/03 when the outstanding
balance was $273.05.  Our records further
show that the date the account was opened is 03/01/01 and the original creditor=s
charge-off date is 08/01/01.  The balance
above reflects the account balance as of the date of this letter.  You may contact us to obtain an exact payoff
amount for a future date.  

 

If you have any documentation
which could assist us in resolving this dispute, including, for example, copies
of any communications you may have had with SOUTWESTERN BELL TELEPHONE with
regard to this account, please send or fax them to me.








In order to constitute a
misrepresentation, PRA must have made a false or misleading assertion.  See Black=s Law Dictionary 1022 (8th
ed. 2004).  This letter does not amount
to a misrepresentation to Reynolds regarding the character, extent, or amount
of a consumer debt.  PRA had purchased
the account from SWB, who indicated that Reynolds owed a balance of $273.05 on
the account.  In the contract between SWB
and PRA, SWB represented that Ain the origination and servicing of the Charged-Off Accounts, [SWB]
has complied in all material respects with federal and state laws.@  In the letter, PRA informs
Reynolds that it purchased the account from SWB, it is aware that Reynolds
disputed the account, and it is currently verifying the accuracy of the
information regarding the account. 
Accordingly, the letter does not establish that PRA misrepresented the
character, extent, or amount of the consumer debt.

Reynolds further contends
that PRA never provided him with any indication that it had purged the balance
of the account from its files, contrary to PRA=s assertions to the trial court. 
Despite his assertion, Reynolds= own deposition testimony establishes that PRA informed him that it
had purged both of the disputed accounts, and he also acknowledged that the
disputed accounts had actually been removed from his credit report.  Additionally, SWB produced an affidavit
establishing that when SWB repurchased the accounts from PRA, PRA had reduced the
account balance to zero.  PRA has proven
that Reynolds has no evidence to support his claim that PRA misrepresented the
character, extent, or amount of the consumer debt; thus, we overrule Appellant=s fourth issue. 

MOTION FOR NEW TRIAL








In his fifth issue, Appellant
asserts that the trial court abused its discretion in denying his motion for
new trial.  A trial court is vested with
broad discretion to grant or deny a motion for new trial.  Cliff v. Huggins, 724 S.W.2d 778,
778-79 (Tex. 1987).  When a trial court=s action is arbitrary, unreasonable, and without reference to any
guiding rules or principles, it has abused its discretion.  Goode v. Shoukfeh, 943 S.W.2d 441, 446
(Tex. 1997). 

The sole basis for Reynolds= complaint is that the trial court erred in denying his motion for new
trial because Athe court
acted without regard to the guiding authority concerning summary judgment
practice in granting the motions for summary judgment@ in favor of SWB and PRA. 
Reynolds relies solely on his summary judgment arguments, which had
already been considered and properly ruled upon by the trial court.  Accordingly, we hold that the trial court did
not abuse its discretion in denying Reynolds= motion for new trial.  We
overrule Reynolds= fifth
issue. 

CONCLUSION

Having overruled Reynolds= five issues, we affirm the trial court=s judgment.

 

DIXON W. HOLMAN

JUSTICE

 

PANEL
A:  CAYCE, C.J.; HOLMAN and WALKER, JJ.

 

WALKER,
J. filed a dissenting opinion.

 

DELIVERED:  June 29, 2006











 
 
 
 
 
 
 




 

 

 

 

 

 

                                COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-356-CV

 

 

LARRY REYNOLDS                                                               APPELLANT

 

                                                   V.

 

SOUTHWESTERN BELL TELEPHONE,                                        APPELLEES

L.P.
AND PORTFOLIO RECOVERY

ASSOCIATES,
L.L.C.

 

                                              ------------

 

         FROM
COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

 

                                              ------------

 

                                   DISSENTING
OPINION

 

                                              ------------

I respectfully dissent
because I cannot agree that Appellees Southwestern Bell Telephone (SWB) and
Portfolio Recovery Associates, L.L.C. (PRA) established their right to summary
judgment on Appellant Larry Reynolds=s suit for a declaratory judgment.

The Declaratory Judgment Act
provides, 








(a) A person interested under a deed, will,
written contract, or other writings constituting a contract or whose rights,
status, or other legal relations are affected by a statute, municipal
ordinance, contract, or franchise may have determined any question of
construction or validity arising under the instrument, statute, ordinance,
contract, or franchise and obtain a declaration of rights, status, or other
legal relations thereunder.

 

Tex. Civ. Prac. &
Rem. Code Ann. ' 37.004(a) (Vernon 1997).  The
Act=s stated purpose is Ato settle and afford relief from uncertainty and insecurity with
respect to rights, status, and other legal relations.@  Id. at ' 37.002(b).  If a declaratory
judgment will terminate the uncertainty or controversy giving rise to the
lawsuit, the trial court is duty‑bound to declare the rights of the
parties as to those matters upon which the parties join issue.  Univ. of Tex. v. Nat=l. Collegiate Athletic Ass=n, 685 S.W.2d 409, 410 (Tex. App.CAustin 1985, writ ref=d n.r.e.); Calvert v. Employees Ret. Sys. of Tex., 648 S.W.2d
418, 419 (Tex. App.CAustin 1983,
writ ref=d n.r.e.). 

Reynolds=s pleadings specifically sought a declaratory judgment: APursuant to chapter 37 of the Texas Civil Practice and Remedies Code,
Plaintiff seeks a declaration of this court that he is not liable for payment
of the Accounts.  Plaintiff has
continuously denied that he authorized the opening of the Accounts.@  Thus, Reynolds sought a
declaratory judgment from the trial court declaring that he was not liable to
SWB or to PRA on the accounts numbered 8174770893595 and 4778170879597.













The majority concludes that
because SWB repurchased these two accounts from PRA and reduced the account
balances to zero, that Ano debt@ exists and, consequently, no justiciable controversy exists.  See Maj. Op. at 12-13.  But a declaratory judgment action is
statutorily authorized to obtain a Adeclaration of rights@ under a contract.  See Tex. Civ. Prac. & Rem. Code Ann. ' 37.004(a).  No requirement
exists that a debt be owed as a prerequisite to obtain a declaratory
relief.  See, e.g., Trinity Universal
Ins. Co. v. Sweatt, 978 S.W.2d 267, 269 (Tex. App.CFort Worth 1998, no pet.) (reversing trial court=s dismissal of declaratory judgment action seeking to declare rights
under insurance policy).  Nor does the
summary judgment evidence that the balance of the two accounts had been reduced
to zero and that SWB and PRA both promised not to further attempt to collect on
the accounts entitle SWB and PRA to summary judgment on Reynolds=s declaratory judgment action.[1]  Because the summary judgment evidence does
not conclusively establish SWB=s and PRA=s right to
summary judgment on Reynolds=s declaratory judgment action seeking a declaration that he is not
liable to SWB or to PRA on the accounts numbered 8174770893595 and
4778170879597, I would reverse the trial court=s summary judgment on that claim and remand Reynolds=s declaratory judgment action to the trial court.

 

 

 

SUE WALKER

JUSTICE

 

DELIVERED:  June 29, 2006











[1]See Tex. R. App. P. 47.4.





[2] We
note that Reynolds does not argue that the trial court improperly granted
summary judgment because a genuine issue of material fact exists.





[1]Indeed, if these
representations by SWB and PRA are true, it is hard to see why SWB and PRA
would oppose a declaratory judgment that Reynolds is not responsible for the
accounts.















 [COMMENT1]

Majority by Justice Holman;
Dissent by Justice Walker