COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-164-CV

TEDRICKE GARDNER APPELLANT

V.

TARRANT COUNTY CIVIL SERVICE APPELLEES

COMMISSION AND 

TARRANT COUNTY, TEXAS 

------------

FROM THE 141ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In two issues, Appellant Tedricke Gardner appeals the trial court’s grant of Appellees’ (Tarrant County Civil Service Commission and Tarrant County, Texas) motion for reconsideration of summary judgment, its grant of summary judgment in Appellees’ favor, and its denial of Appellant’s motion for a new trial.  We dismiss for want of jurisdiction.

PROCEDURAL BACKGROUND

We must initially determine whether the trial court’s order granting Appellees’ motion for summary judgment is a final judgment for purposes of appeal.
(footnote: 2)  On April 19, 2005, Appellees (defendants) filed a traditional motion for summary judgment.  At that time, the live pleading of Appellant (plaintiff) was his third amended petition.  On May 18, 2005, the trial court held a hearing on Appellees’ motion for summary judgment, which the court denied by written order on July 25, 2005.  On September 30, 2005, Appellees filed a motion for reconsideration of the trial court’s denial of their motion for summary judgment. On November 16, 2005, Appellant filed his fourth amended petition, which added a new claim for breach of contract.  On November 17, 2005, the trial court held a teleconference regarding Appellees’ motion for reconsideration.
(footnote: 3)  On February 13, 2006, the trial court granted Appellees’ motion for reconsideration and their motion for summary judgment.  On March 15, 2006, Appellant filed a motion for new trial; the court held a hearing on the motion on April 13, 2006, and denied the motion on the same day.

FINALITY OF TRIAL COURT’S ORDER

A summary judgment is final for purposes of appeal “if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties.”  
Lehmann v. Har-Con Corp.
, 39 S.W.3d 191, 192-93 (Tex. 2001).  If there has not been a conventional trial on the merits, an order or judgment “is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties.”  
Id.
 at 205.  There must be some clear indication that the trial court intended the order to completely dispose of the entire case.  
Id.
  If the order does not expressly dispose of all pending claims and parties, it is necessary for the appellate court to look to the record in the case to help illuminate whether the order is actually final.  
Id.
 at 205-06.

APPELLANT’S BREACH OF CONTRACT CLAIM

The parties disagreed in the trial court and on appeal regarding the question of which pleading of Appellant’s was the live pleading at the time the trial court granted Appellees’ motion for summary judgment.  Appellees contend that Appellant’s third amended petition was the live pleading before the trial court at the time it granted summary judgment.  Appellant argues that he timely filed his fourth amended petition containing his breach of contract claim, and he requested the trial court to either set that claim for trial or expressly make it subject to the trial court’s order granting summary judgment.  
The trial court took neither action.

Appellees’ motion for summary judgment did not address Appellant’s  breach of contract claim.  The trial court’s February 13, 2006 order 
states in full:

The Court, having considered the Motion for Reconsideration filed by Defendants, the arguments of counsel and the authorities relating to the Motion, is of the opinion and finds that the motion should be granted.

IT IS THEREFORE ORDERED that Defendants’ Motion for
 
Reconsideration is hereby granted.

IT IS FURTHER ORDERED that Defendants’ Motion for Summary Judgment is hereby granted.

SIGNED this 13
th
 day of February 2006.

There is no presumption in a summary judgment proceeding that the judgment was intended to dispose of all parties and issues.  
N.Y. Underwriters Ins. Co. v. Sanchez
, 799 S.W.2d 677, 679 (Tex. 1990)
; 
Teer v. Duddlesten
, 664 S.W.2d 702, 704 (Tex. 1984) (op. on reh’g).
  The trial court’s order granting summary judgment does not indicate whether the court considered Appellant’s third or fourth amended petition to be the one upon which summary judgment was based.  Nothing in the order suggests that the court intended to dispose of Appellant’s claim for breach of contract.  The order does not contain a “Mother Hubbard” clause
(footnote: 4) or any language stating that Appellant take nothing by his suit; nor does it contain any language that indicates on its face that it was intended to dispose of all issues pending between the parties, or that it was intended to be a final judgment.  
Cf.
 
Jacobs v. Satterwhite
, 65 S.W.3d 653, 655 (Tex. 2001) (holding that although defendant moved for summary judgment on only one of two claims asserted by plaintiff, because the trial court rendered judgment that the plaintiff take nothing, the judgment was erroneous but was final).
  Accordingly, we must review the record to determine whether Appellant’s fourth amended petition was a live pleading on file with the trial court at the time it granted Appellees’ motion for summary judgment.

A trial court has authority to reconsider and grant a summary judgment motion it had previously denied, so long as it retains jurisdiction.  
Elder Const., Inc. v. City of Colleyville
, 839 S.W.2d 91, 91-92 (Tex. 1992); 
Hunte v. Hinkley
, 731 S.W.2d 570, 571 (Tex. App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.); 
see also Straw v. Owens
, 746 S.W.2d 345, 346-47 (Tex. App.—Fort Worth 1988, no writ) (holding that trial court did not err by signing order granting summary judgment, withdrawing signature, and later re-signing same order).  Here, after the trial court denied both Appellees’ and Appellant’s motions for summary judgment, the case was proceeding to trial.  Therefore, the trial court retained the jurisdiction necessary to reconsider Appellees’ motion for summary judgment.

Appellees argue that because the record does not reflect that after the summary judgment hearing the trial court granted permission to Appellant to file his fourth amended petition, the breach of contract claim was not before the trial court at the time it subsequently granted Appellees’ motion for summary judgment.  Therefore, Appellees assert that the judgment is final without a  rendition of judgment on the merits of the breach of contract claim.  Appellant contends that he did not need permission or leave of court to file his fourth amended petition because the court had already denied Appellees’ motion for summary judgment.  At the hearing on Appellant’s motion for new trial, Appellant argued that his breach of contract claim was still pending because it was not addressed in Appellees’ motion for summary judgment.

Various rules apply to the filing of amended pleadings, depending on the stage of the court proceedings.  
Pleading amendments sought within seven days of the summary judgment hearing are to be granted unless there has been a showing of surprise to the opposing party; absent surprise, failure to obtain leave may be cured by the trial court’s action in considering the amended pleading.  
Tex. R. Civ. P. 
63; 
Goswami v. Metro. Sav. & Loan Ass’n
, 751 S.W.2d 487, 490-91 & n.1 (Tex. 1988).
(footnote: 5)  The trial court has discretion to consider pleadings filed after the hearing but before summary judgment is rendered.  
See Marek v. Tomoco Equip. Co.
, 738 S.W.2d 710, 713 (Tex. App.—Houston [14
th
 Dist.] 1987, no writ).
  
The trial court has discretion to consider untimely-filed summary judgment evidence and responses tendered before the summary judgment hearing, but if nothing in the record indicates that leave of court was obtained, there is a presumption that the trial court did not consider the late-filed evidence or response.  
Benchmark Bank v. Crowder
, 919 S.W.2d 657, 663 (Tex. 1996);
 
INA of Tex. v. Bryant
, 686 S.W.2d 614, 614-15 (Tex. 1985).
(footnote: 6)
 None of the above rules addresses the situation presented by the instant case.  Appellant, the nonmovant, filed his fourth amended petition after the summary judgment hearing and after the trial court issued a written order denying Appellees’ motion for summary judgment.  The fourth amended petition raised a new claim for breach of contract.  There is no indication in the record that Appellant requested or secured permission from the trial court to file his fourth amended petition.
(footnote: 7) 
 However, at the time that Appellant filed the document, the trial court had already denied Appellees’ motion for summary judgment.  Therefore, although Appellees’ motion for reconsideration was pending before the court, which had scheduled a teleconference on the motion for reconsideration, there was no requirement that Appellant obtain leave of court before filing his fourth amended petition.  Further, because Appellees did not at any time file an amended or additional motion for summary judgment challenging the breach of contract claim, the trial court could not have properly granted summary judgment on that claim.
(footnote: 8)  As noted previously, the trial court’s order granting summary judgment does not purport to dispose of all issues between the parties, nor does it purport to be final.  We hold that the trial court’s February 13, 2006 order granting summary judgment is not a final judgment for purposes of appeal.  Without a final judgment, this court does not have jurisdiction over this appeal. 
 See Lehmann
, 39 S.W.3d at 195.

CONCLUSION

Because the summary judgment order does not appear final on its face, and because it does not dispose of Appellant’s claim for breach of contract, it  is not an appealable judgment.  
See McNally v. Guevara
, 52 S.W.3d 195, 196 (Tex. 2001).

Accordingly, we dismiss the appeal for want of jurisdiction.  
Tex. R. App. P.
 42.3(a), 43.2(f);
 Guajardo v. Conwell
, 46 S.W.3d 862, 863-64 (Tex. 2001); 
Anderson v. Long
, 52 S.W.3d 385, 386 (Tex. App.—Fort Worth 2001, no pet.).

DIXON W. HOLMAN

JUSTICE

PANEL B:  CAYCE, C.J.; HOLMAN and WALKER, JJ.

DELIVERED:  April 5, 2007

FOOTNOTES
1:
See 
Tex. R. App
. P. 47.4.

2:
This case has previously been before this court.  
See Gardner v. Tarrant County Civil Service Comm’n
,
 No. 02-04-00130-CV, 2005 WL 32415, at *1 (Tex. App.—Fort Worth Jan. 6, 2005, no pet.) (mem. op.).  That appeal is not relevant to our determination of whether we have jurisdiction in the instant appeal.

3:
The record does not contain a transcription of the teleconference.

4:
Typically, a “Mother Hubbard” clause contains a recitation to the effect that all relief not expressly granted in the order is denied.  
Lehmann
, 39 S.W.3d at 192.

5:
Goswami 
does not apply in cases such as this one, in which the late-filed pleading is filed 
after
 the summary judgment hearing.  
See Automaker, Inc. v. C.C.R.T. Co.
, 976 S.W.2d 744, 745 (Tex. App.—Houston [1st Dist.] 1998, no pet.); 
Leinen v. Buffington's Bayou City Serv. Co.
, 824 S.W.2d 682, 685 (Tex. App.—Houston [14th Dist.] 1992, no writ).

6:
Cf. Goswami
, 751 S.W.2d at 490 (holding that, notwithstanding provision of Texas Rule of Civil Procedure 63 requiring leave of court for late-filed pleadings, leave of court will be presumed if an amended pleading is filed 
before
 summary judgment hearing if the record is silent of any basis to conclude that the trial court did not consider this pleading; and the opposing party does not show surprise or prejudice).

7:
At the hearing on Appellant’s motion for new trial, when the parties differed in their positions regarding which pleading of Appellant’s was the live pleading at the time the trial court granted Appellees’ motion for summary judgment, the trial judge commented, “I don’t recall granting leave to file the [fourth] amended petition. . . . I don’t recall striking it.  I don’t recall granting it.  And the Court of Appeals is going to have to decide what I did.”

8:
A summary judgment cannot be granted except on the grounds expressly presented in the motion.  
Johnson v. Brewer & Pritchard, P.C.
, 73 S.W.3d 193, 204 (Tex. 2002); 
Sci. Spectrum, Inc. v. Martinez
, 941 S.W.2d 910, 912 (Tex. 1997).