# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00243-CV

**Robert M. Garst, Jr., Appellant**

**v.**

**Larry J. Reagan, Amy L. Reagan, Jerry A. Phipps, and Mickie A. Phipps, Appellees**

## FROM THE DISTRICT COURT OF LLANO COUNTY, 424TH JUDICIAL DISTRICT
## NO. 15649, HONORABLE DANIEL H. MILLS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Robert M. Garst, Jr., appeals the district court's order granting summary judgment in favor of Larry J. Reagan, Amy L. Reagan, Jerry A. Phipps, and Mickie A. Phipps on Garst's claims against Amy Reagan for negligence, breach of fiduciary duty, and fraud by nondisclosure, as well as his claims against all four appellees for cloud on title. Garst also challenges the trial court's denial of his request for declaratory relief and the award of costs to appellees. The parties are familiar with the facts, procedural history, and applicable standards of review. Accordingly we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.4. We will affirm the district court's judgment.

In his first three issues, Garst asserts that the trial court erred in granting appellees' motion for summary judgment. His arguments on these issues reduce to a contention that the trial court lacked the authority to vacate the partial summary judgment contemporaneously with its

granting appellees' motion for summary judgment and that appellees were "estopped" from filing a motion for summary judgment once the trial court had granted his motion for partial summary judgment. In its December 26, 2012 order granting appellees' motion for summary judgment, the court recited that it was vacating its October 15, 2009 interlocutory order, which had granted Garst's motion for partial summary judgment,[1] as well as its June 10, 2010 order denying appellees' motion for rehearing and ordering the parties to mediation. There is no dispute that the October 15, 2009 partial summary judgment order was interlocutory. Therefore, the trial court continued to have plenary power over all facets of the case and was free to vacate, modify, correct, or reform any previous order or judgment. *See, e.g.*, *Wal-Mart Stores Tex., L.P. v. Crosby*, 295 S.W.3d 346, 356 (Tex. App.—Dallas 2009, pet. denied); *Ho v. University of Tex. at Arlington*, 984 S.W.2d 672, 680 (Tex. App.—Amarillo 1998, pet. denied). Garst argues that until the partial summary judgment was vacated, appellees' liability was "fixed" and the issue could not be further litigated without violating "the principle of finality of the summary judgment rule." Garst contends essentially that the trial court could not even consider the appellees' motion for summary judgment before it had vacated the partial summary judgment in his favor. We disagree.

A partial summary judgment is a decision on the merits unless set aside by the trial court, and that decision becomes final upon disposition of the other issues in the case. *See Hyundai Motor Co. v. Alvarado*, 892 S.W.2d 853, 855 (Tex. 1995). While we agree that issues decided in a partial summary judgment may become final unless they are set aside by the trial court or reversed

---

[1] The October 15, 2009 order granted partial summary judgment in Garst's favor for liability on his causes of action for negligence, breach of fiduciary duty, fraud by nondisclosure, and cloud on title but did not address damages or Garst's request for attorneys' fees.

on appeal, *see, e.g.*, *Linder v. Valero Transmission Co.*, 736 S.W.2d 807, 810 (Tex. App.—Corpus Christi 1987, writ ref'd n.r.e.), there is no authority for Garst's contention that the court may not vacate or set aside its decision on those issues at the same time it renders a final summary judgment order. A trial court may properly grant summary judgment after having previously denied summary judgment, as long as the court retains jurisdiction over the case. *Hunte v. Hinkley*, 731 S.W.2d 570, 571 (Tex. App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.). There is no need for a formalistic and essentially useless requirement that this be accomplished in two separate steps.

We also reject Garst's contentions that the summary judgment order was erroneous because (1) he reasonably relied to his detriment on the trial court's previous ruling in his favor and therefore did not again provide his entire summary judgment evidence, and (2) appellees were "estopped" from filing their motion for summary judgment. We observe that in his response to appellees' motion for summary judgment, Garst asked the court to take judicial notice of the evidence attached to his previously filed summary-judgment motions. Moreover, it was not reasonable for Garst to believe that the trial court did not have the authority to vacate its earlier interlocutory order. *See id.* Garst's assertion that appellees were "estopped" to file a motion for summary judgment essentially asking the trial court to reconsider its previous interlocutory order and rule in their favor is without merit. As mentioned above, a trial court has authority to reconsider its own rulings as long as it retains jurisdiction. This includes authority to reconsider and grant previously overruled motions for summary judgment. *Bennett v. State Nat'l Bank*, 623 S.W.2d 719, 721 (Tex. Civ. App.—Houston [1st Dist.] 1981, no writ). We overrule Garst's first three appellate issues.

In his fourth issue, Garst asserts that the trial court erred in granting appellees' no-evidence motion for summary judgment on his negligence claim because he raised fact issues regarding the elements of duty and breach.[2] When the trial court granted summary judgment, Garst's negligence claim was only against Amy Reagan and arose from her alleged actions taken as a director of the Lakewood Forest III Property Owners Association.[3] In his brief, Garst contends that Reagan's duty to him is a statutory duty arising under the Texas Non-Profit Corporations Act. *See* Tex. Bus. Orgs. Code §§ 22.001, .221(b). According to this provision, a director of an entity governed by the Act is not liable unless the person seeking to establish liability proves that the director did not act in good faith, with ordinary care, and in a manner the director reasonably believed to be in the best interest of the corporation. *Id.* § 22.221(b). The Act, however, applies only to nonprofit "corporations," which are defined as "a domestic nonprofit corporation." *See id.* § 22.001(3). It is undisputed that the Lakewood Forest III Property Owners Association is an *unincorporated* nonprofit association, not a nonprofit corporation. Accordingly, it is not governed by chapter 22. Garst identifies no other source of Reagan's duty to him and therefore has failed to demonstrate that the trial court erred in concluding that he adduced no evidence of that element of his negligence claim. The trial court properly granted appellees' no-evidence motion for summary judgment on the negligence claim. *See* Tex. R. App. P. 166a(i) (no-evidence summary judgment is

---

[2] Garst addresses the causation and damages elements of each of his causes of action together in his seventh issue.

[3] Garst originally brought claims for negligence, breach of fiduciary duty, and fraud by nondisclosure against the Lakewood Forest III Property Owners Association and all of its board members, including Reagan. Garst later nonsuited the Association and all the members of the board except for Reagan. At the time summary judgment was granted, Garst's claims for negligence, breach of fiduciary duty, and fraud were asserted only against Reagan.

4

properly granted if movant asserts there is no evidence of one or more essential elements of claim on which nonmovant has burden of proof at trial and if nonmovant fails to bring forth more than scintilla of probative evidence to raise genuine issue of material fact as to each challenged element). We overrule Garst's fourth issue.

In his fifth issue, Garst contends that the trial court erred by granting appellees' motion for summary judgment on his claim that Reagan breached a fiduciary duty to him. Garst contends on appeal, citing no authority, that Reagan had a fiduciary duty to him arising out of the Association's articles, by-laws, amendment to articles, and addendum to covenants and conditions. As with his negligence claim, Garst also asserts that Reagan has a statutory duty to him arising out of the Texas Non-Profit Corporations Act. Garst does not cite, nor have we located, any authority for the proposition that a director of an unincorporated property owner's association owes a formal fiduciary duty to property owners. Nor has Garst adduced evidence that would create a fact issue regarding the existence of an informal duty between him and Reagan. *See Stephanz v. Laird*, 846 S.W.2d 895, 902 (Tex. App.—Houston [1st Dist.] 1993, writ denied) (absent formal fiduciary relationship, evidence must show that dealings between parties continued for period of time that justified one party's reliance on other to act in his best interest). And we have already explained why the Texas Non-Profit Corporations Act does not impose a statutory duty in this case. The trial court did not err in granting appellees' no-evidence motion for summary judgment on Garst's claim for breach of fiduciary duty. We overrule Garst's fifth issue.

In his sixth issue, Garst asserts that the trial court erred by granting appellees' no-evidence motion for summary judgment on his claim of fraud by nondisclosure. Fraud by

5

nondisclosure requires that Garst establish that Reagan concealed or failed to disclose to him material facts within her knowledge and that Reagan had a duty to disclose the facts to him. *See Bradford v. Vento*, 48 S.W.3d 749, 754-55 (Tex. 2001). Garst again relies on the Texas Non-Profit Corporations Act as the source of Reagan's duty to disclose. As previously stated, this statute does not impose a statutory duty in this case. Moreover, Garst's brief fails to identify more than a scintilla of probative evidence that Reagan intended to induce him to take some particular action by concealing or failing to disclose any facts or that he acted in any particular manner as a result of relying on her failure to disclose any facts. He has not, therefore, demonstrated that the trial court erred in granting appellees' no-evidence motion for summary judgment on his claim of fraud by nondisclosure. We overrule Garst's sixth issue.

In his seventh issue, Garst contends that he raised fact issues with regard to the elements of causation and damages on his claims for negligence, breach of fiduciary duty, and fraud. Because of our disposition of issues four, five, and six, we need not address this issue. *See* Tex. R. App. P. 166a(i) (no-evidence summary judgment proper when party with burden of proof fails to raise fact issue on at least one challenged element of cause of action).

In his eighth issue, Garst argues that the trial court erred in granting appellees' motion for summary judgment on his claim that appellees caused a cloud on his title to an undivided interest in certain lots. Garst contends that docks constructed by the Reagans and the Phippses created a cloud on his title to those lots. In his brief, Garst expressly disavows that he has attempted to bring a trespass-to-try-title claim and insists that he has alleged that appellees created a cloud on his title. A suit to quiet title or remove a cloud on title, however, can be maintained only by a person owning

6

an interest in the property involved. *See Bell v. Ott*, 606 S.W.2d 942, 953 (Tex. Civ. App.—Waco 1980, writ ref'd n.r.e.). In his brief, Garst contends that, because he owns property in the Lakewood Forest III Subdivision, he also has a right to the use and enjoyment of certain small waterfront lots. But he does not explain how his alleged right to use and enjoy the small lots constitutes an ownership interest in them or a right to them superior to any other property owner in the subdivision. Garst has failed to raise a genuine issue of material fact regarding whether he has an ownership interest such that he would have standing to bring a suit to quiet title. The trial court properly granted appellees' no-evidence motion for summary judgment on this claim. We overrule Garst's eighth issue.

In his ninth issue, Garst challenges the trial court's denial of his request for declaratory relief. In his brief, Garst describes his declaratory judgment action as seeking a "judicial declaration that appellees acted outside the scope and authority of the governing documents in granting permission to build docks that excluded the other property owners." Garst contends that the trial court erroneously denied the requested relief along with his request for attorneys' fees pursuant to the Texas Declaratory Judgments Act. *See* Tex. Civ. Prac. & Rem. Code §§ 37.001-.011. Garst's petition, however, requested only a declaration that the Lakewood Forest III Property Owners Association is "invalid." The trial court did not err in failing to grant declaratory relief that Garst never requested. Even if Garst had requested this relief in his petition, it would not have been available. The issue of whether the Association's actions were authorized was already before the court through Garst's claims against Reagan for negligence, breach of a fiduciary duty, and fraud by nondisclosure. Declaratory judgment is not available to settle disputes already pending before the

7

court.  *See BHP Petroleum Co. v. Millard*, 800 S.W.2d 838, 841 (Tex. 1990).  We overrule Garth's ninth issue.

In his tenth issue, Garst contends that the trial court erred by awarding appellees their costs.  Garst states in his brief that "[t]he award should be reversed contemporaneously with the reversal of the final judgment."  Because we are affirming the trial court's judgment, the basis for the relief Garst requests in this issue does not exist.  The tenth issue is overruled.

Having overruled all of Garst's appellate issues, we affirm the trial court's judgment.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Field

Affirmed

Filed:   March 6, 2014