Clarissa GUAJARDO a/k/a Clarissa Guajardo Shaw, Petitioner,

v.

Tracey D. CONWELL and Creole Construction Co., Inc., Respondents.

No. 00–1234.

Supreme Court of Texas.

April 26, 2001.

Matthew S. Muller, Houston, for Petitioner.

David A. Furlow, Cheryl L. Hellmann, Tracey D. Conwell, Houston, for respondents.

PER CURIAM.

The court of appeals dismissed this appeal as not having been timely perfected. 30 S.W.3d 15 (Tex.App.—Houston [14th Dist.] 2000). We agree that dismissal was appropriate but for a different reason, which is that the trial court did not render a final, appealable judgment.

Clarissa Guajardo, an attorney, sued Tracey Conwell, another attorney, and Creole Construction Company, and the parties reached a mediated settlement agreement. Before the case could be resolved, however, defendants filed a counterclaim against Guajardo for breach of the settlement agreement. Guajardo's attorney, Wayne Paris, withdrew from representing her and filed an intervention asserting a claim for attorney fees. Guajardo amended her petition to assert additional claims against the defendants. She also moved to strike Paris's intervention and, in the alternative, asserted a claim against him. Guajardo and the defendants filed cross-motions for summary judgment on defendants' counterclaim. Paris filed a response stating that the defendants' motion for summary judgment should be granted for specific performance of the settlement agreement only and not for any other relief, that Guajardo's motion for summary judgment should be denied, and that settlement funds should be paid into the court registry pending a final adjudication of his claim.

The trial court struck Guajardo's amended petition as having been filed after the deadline for amended pleadings set by a scheduling order. The court also denied Guajardo's motion for summary judgment and granted the defendants' motion. The court did not strike Paris's intervention or Guajardo's claims against him, even though both were filed after the deadline set by the scheduling order. The court signed a summary judgment on July 9, 1999, that granted the defendants' motion, ordered Guajardo and the defendants to perform the settlement agreement, taxed costs against the party who incurred them, and stated that "all relief herein not expressly granted is denied." The judgment did not mention the claims by Paris and Guajardo against each other.

The disputes between Guajardo and the defendants continued. Guajardo filed two motions to enforce the court's judgment, and the court held three hearings in an effort to resolve the matter. Clearly frustrated, the trial judge at the third hearing on October 15, 1999, ordered the parties to perform the settlement agreement within ten days or suffer dismissal of the case for want of prosecution. Following the hearing, the court signed the following order:

> The court signed a final judgment in the case on July 9, 1999. No motion for new trial was filed. The trial court's plenary jurisdiction expired August 9, 1999. Accordingly, the court dismisses the parties' post-judgment motion for want of jurisdiction.

Guajardo filed a notice of appeal twenty-seven days later.

Paris moved to dismiss the appeal as not having been timely perfected, and so did the defendants. Both motions argued that the "Mother Hubbard" language in the summary judgment showed the trial court intended that it be final, and thus the notice of appeal was too late. The court of appeals agreed and dismissed the appeal. 30 S.W.3d 15 (Tex.App.—Houston [14th Dist.] 2000). Guajardo petitioned this Court for review, and while the petition was pending we decided *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191 (Tex.2001). In *Lehmann*, we held that a judgment is final

for purposes of appeal in circumstances like those of this case "if and only if either it actually disposes of all claims and parties then before the court, or it states with unmistakable clarity that it is a final judgment". *Id.* at 192. We apply this rule to the present case.

As we held in *Lehmann*, "Mother Hubbard" language like that contained in the July 9 summary judgment does not indicate finality. There is no other language in that judgment that indicates finality, nor is there any in the October 15 order. The October 15 order states that the July 9 summary judgment was final, but that statement could not itself make the July 9 order final. Nor did either order actually dispose of all claims and parties. Paris's and Guajardo's claims against each other are not mentioned. The defendants argue that those claims are not before the court because they were all filed after the deadline set by the scheduling order, but the mere fact that they were late-filed does not mean that they were not properly before the court. The court struck other late-filed claims by Guajardo but did not strike Paris's claim, even though Guajardo requested it. The defendants argue that Paris waived his claim by requesting that the summary judgment grant the defendants specific performance only, but Paris's response clearly requests that he be allowed to pursue his claim against Guajardo. Finally, the defendants argue that Paris's motion to dismiss the appeal shows that he considered the summary judgment to be final. That is true, of course, at the time the motion was filed, but the motion does nothing to show how the summary judgment actually disposed of Paris's claim.

Guajardo has attached to her petition another order purported to be signed by the trial court on October 15, 1999, which dismisses the case for want of prosecution for "[f]ailure to comply with court order." Guajardo states that this order was given to her by the court at the October 15 hearing, but it is not in the clerk's record, and therefore we do not consider it.

Neither the July 9 summary judgment nor the October 15 order was final and appealable. Therefore, the court of appeals erred in concluding that the appeal was not timely perfected, but it did not err in dismissing the appeal. Accordingly, without hearing oral argument, TEX.R.APP. P. 59.1, we grant the petition for review and affirm the judgment of the court of appeals.