NUMBER 13-03-005-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


____________________________________________________________________


RICARDO G. DEL VILLAR, M.D. AND 

VALLEY UROLOGICAL CLINIC, Appellants,


v.



HECTOR GARCIA AND HIS WIFE, HILDA GARCIA, 

INDIVIDUALLY AND AS NEXT FRIENDS OF 

RYAN GARCIA, A MINOR, Appellees.

____________________________________________________________________


On appeal from the 370th District Court


of Hidalgo County, Texas.


____________________________________________________________________


MEMORANDUM OPINION


 

Before Justices Rodriguez, Castillo, and Garza


Opinion Per Curiam


 In the underlying case, Hector Garcia and Hilda Garcia, individually and as next
friends of Ryan Garcia, a minor, brought suit against Ricardo G. Del Villar, M.D., Valley
Urological Clinic (the "Clinic"), Monzer H. Yazji, M.D., Monzer H. Yazji, M.D. and
Associates, Rebecca Carter, M.D., and Lone Star State Emergency Physicians,
P.L.L.C. for medical malpractice. The plaintiffs subsequently filed a notice of nonsuit
without prejudice against Del Villar and the Clinic. Appellants Del Villar and the Clinic
seek to appeal the trial court's denial of their motion for dismissal with prejudice and
for the award of attorney's fees and costs under the Medical Liability and Insurance
Improvement Act. See Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(b) (Vernon Supp.
2003). We dismiss this appeal for want of jurisdiction.

 The order denying appellants' motion for dismissal and sanctions recited that the
trial court was "of the opinion that it no longer has plenary power to rule," and "The
Court denied all relief sought on August 22, 2002 and declared the motion set at that
hearing moot." The record currently before this Court fails to include any
documentation regarding the trial court's actions of August 22, 2002.

 On January 22, 2003, the Clerk of this Court notified appellants that the order
subject to appeal did not appear to be a final, appealable order, and requested
correction of this defect. In response to this notice, appellants argued that the order
at issue is final and appealable:

 While several Defendants filed motions to dismiss and for sanctions,
pursuant to Article 4590i §13.01, such Defendants were later nonsuited
and abandoned their dismissal motions. However, since this case
involves a minor, and since Plaintiffs could again refile this case on behalf
of Ryan Garcia, Appellants insist on obtaining the dismissal with prejudice
which the legislature has mandated they are entitled to receive. 
Appellants are also entitled to recover the attorney's fees and costs they
have incurred.


 We have no jurisdiction to hear an appeal from a judgment that is not final. 
Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001). A judgment is final if
it disposes of all pending parties and claims in the record. Guajardo v. Conwell, 46
S.W.3d 862, 863-64 (Tex. 2001) (per curiam). In cases in which only one final and
appealable judgment can be rendered, a judgment issued without a conventional trial
is final for purposes of appeal if and only if either it actually disposes of all claims and
parties then before the court, regardless of its language, or it states with unmistakable
clarity that it is a final judgment. Lehmann, 39 S.W.3d at 204; Parks v. Dewitt County
Elec. Coop., Inc., 112 S.W.3d 157, 161 (Tex. App.-Corpus Christi 2003, no pet.).
The law does not require that a final judgment be in any particular form. Lehmann, 39
S.W.3d at 195. Therefore, whether a decree is a final judgment must be determined
from its language and the record in the case. Id.

 The order subject to appeal bears no indicia of finality. Lehmann, 39 S.W.3d
at 195; Parks, 112 S.W.3d at 161. It neither purports to dispose of all pending parties
and claims nor contains any language indicating that it is intended as a final judgment
subject to appeal. See Lehmann, 39 S.W.3d at 195; Parks, 112 S.W.3d at 161.

 Moreover, the clerk's record fails to indicate that all claims against all parties
have been resolved. The record does not contain any orders granting nonsuits against
the various defendants or a final judgment explicitly memorializing the nonsuits. See
Iacono v. Lyons, 6 S.W.3d 715, 716 (Tex. App-Houston [1st Dist.] 1999, no pet.)
(per curiam) (judgment interlocutory until order signed granting nonsuit). Further,
although the record includes motions for sanctions filed by various defendants, the
record does not include any orders or other pleadings indicating that these motions for
sanctions have been resolved. A nonsuit has no effect on pending motions for
sanctions. See, e.g., In re Bennett, 960 S.W.2d 35, 38 (Tex. 1997); Scott & White
Mem'l Hosp. v. Schexnider, 940 S.W.2d 594, 5996 (Tex. 1996). While appellants
argue that they and other defendants have "waived" their claims for affirmative relief,
the appellate record fails to so indicate.

 We conclude that the order at issue is interlocutory. Moreover, given the
apparent procedural posture of this case, we have no authority to abate this matter. 
Parks, 112 S.W.3d at 163-64. Accordingly, we dismiss this appeal for want of
jurisdiction.


 PER CURIAM


Opinion delivered and filed this

the 26th day of November, 2003.