COASTAL TERMINAL OPERATORS
and James W. McPherson,
Appellants

v.

ESSEX CRANE RENTAL
CORP., Appellee.

No. 14–02–00627–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

April 22, 2004.

Eric G. Carter, Houston, for appellants.

Thomas W. Sankey, E. John Gorman, Houston, for appellees.

Panel consists of Justices EDELMAN, FROST, and GUZMAN.

### ABATEMENT ORDER

PER CURIAM.

At issue in this case is whether a trial court's judgment is final and appealable if it does not dispose of a counterclaim filed after a summary-judgment hearing and with no indication of leave of court, but before the entry of the judgment. Appellants/defendants Coastal Terminal Operators and James W. McPherson argue the trial court's August 23, 2002 judgment is not final and that this court should abate this appeal. We agree.

## I. Factual and Procedural Background

Appellee/plaintiff Essex Crane Rental Corp. filed suit asserting breach-of-contract claims against appellants/defendants Coastal Terminal Operators and James W. McPherson (collectively referred to herein as "Coastal"). On May 13, 2002, the trial court granted Essex's motion for summary judgment on its claims. This judgment disposed of all of Essex's claims against Coastal, and, at that time, Coastal had not filed any claims against Essex.

On July 2, 2002, the trial court granted Coastal's timely motion for new trial and set aside its May 13, 2002 judgment. Essex filed a supplemental motion for summary judgment and reasserted its original motion for summary judgment. On August 12, 2002, the trial court held a hearing on Essex's original and supplemental motions for summary judgment. At the conclusion of the hearing, the trial court took the motions under advisement.

On August 16, 2002, without seeking leave of court, Coastal filed an original counterclaim, asserting claims for "wrongful and malicious collection efforts" based on Essex's allegedly tortious conduct in continuing collection efforts regarding the May 13, 2002 summary judgment, after it had been set aside on July 2, 2002.

On August 23, 2002, the trial court again granted summary judgment in favor of Essex on all of its claims; however, this judgment does not refer to Coastal's counterclaim or to the court having considered the pleadings of the parties in general. This judgment states that "[a]ll other relief not expressly granted in this judgment is denied." Essex filed a motion to strike or sever Coastal's counterclaim; however, the trial court never ruled on this motion.

Both in the trial court and on appeal, Coastal has maintained that the trial court's judgment does not dispose of the counterclaim and thus is not final and appealable. On appeal, Coastal urges this court to abate the appeal to allow the trial court to make the summary-judgment order final.

## II. Analysis

Essex claims that, because Coastal filed its counterclaim after the summary-judgment hearing and never obtained leave of court to file the counterclaim, this pleading was never before the trial court. Essex asserts that, because this counterclaim was never before the trial court, the trial court did not need to dispose of it to render a final judgment. Based on the Texas Supreme Court's opinion in *Guajardo v. Conwell*, 46 S.W.3d 862 (Tex.2001), we disagree with Essex.

Under Rule 166a of the Texas Rules of Civil Procedure,[1] the trial court should decide a motion for summary judgment based on "the pleadings . . . of the parties . . . on file at the time of the hearing, or filed thereafter and before judgment with permission of the court." Tex.R. Civ. P. 166a(c). Likewise, Rule 63 applies and states as follows:

> Parties may amend their pleadings . . . and file such other pleas as they may desire by filing such pleas with the clerk at such time as not to operate as a surprise to the opposite party; provided, that any pleadings, responses or pleas offered for filing within seven days of the date of trial or thereafter, or after such time as may be ordered by the judge under Rule 166, shall be filed only after leave of the judge is obtained,

1. Unless otherwise stated, all citations to rules in this order are citations to the Texas Rules of Civil Procedure.

which leave shall be granted by the judge unless there is a showing that such filing will operate as a surprise to the opposite party.

TEX.R. CIV. P. 63.

As to pleadings on file at the time of the summary-judgment hearing but filed fewer than seven days before the summary-judgment hearing, only Rule 63 requires that the trial court grant permission to file the pleading. *See* TEX.R. CIV. P. 63, 166a(c). In *Goswami,* the Texas Supreme Court stated that "[a] liberal interpretation has been given to Rule 63." *Goswami v. Metropolitan Sav. & Loan Ass'n,* 751 S.W.2d 487, 490 (Tex.1988). Interpreting Rule 63 liberally, the *Goswami* court held that, even though the record does not show that the trial court granted leave for a pleading filed fewer than seven days before the summary-judgment hearing, leave of court will be presumed if (1) the record is silent of any basis to conclude that the trial court did not consider this pleading; and (2) the opposing party does not show surprise or prejudice. *See id.* *Goswami* did not address the result in cases in which the late pleading is filed after the summary-judgment hearing but before the trial court signs the summary judgment. *See id.*

Although both Rules 63 and 166a(c) require permission for late-filed pleadings, several courts of appeals, including this court, have not applied the *Goswami* presumption of permission to pleadings filed after the summary-judgment hearing. *See, e.g., Leinen v. Buffington's Bayou City Serv. Co.,* 824 S.W.2d 682, 685 (Tex. App.-Houston [14th Dist.] 1992, no writ). The First Court of Appeals has summarized this line of cases, stating:

It is well-settled summary judgment law that if a nonmovant for summary judgment (1) files an amended pleading *after* the summary judgment hearing and (2) the amended pleading raises an additional claim not mentioned in the summary judgment motion, then the trial court does not err in granting the summary judgment motion because "the pleadings ... on file *at the time of the hearing,* or filed thereafter and before judgment with permission of the court, show ... there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."

*Automaker, Inc. v. C.C.R.T. Co.,* 976 S.W.2d 744, 745 (Tex.App.-Houston [1st Dist.] 1998, no pet.) (quoting Texas Rule of Civil Procedure 166a(c)); *see also Leinen,* 824 S.W.2d at 685 (stating "[a] trial court does not abuse its discretion by refusing to consider summary judgment pleadings filed after the summary judgment hearing").

These cases address whether a final summary judgment contains error if it disposes of a late-filed claim that was not challenged in any motion for summary judgment. None of these cases hold that a late-filed claim need not be disposed of to have a final judgment.[2] The parties have not cited and we have not found any case that addresses this issue in the context of late-filed pleadings under Rule 166a(c). Apparently, the only case relating to this finality issue under Rule 63 is the *Guajardo* case. *See Guajardo,* 46 S.W.3d at 864. Before the *Guajardo* case reached the Texas Supreme Court, this court dismissed the appeal for lack of jurisdiction based on "Mother Hubbard" language contained in the summary judgment. *See id.* at 863. While the petition for review was pending

---

2. Although Rule 166a addresses the propriety of summary judgment, it does not state that pleadings filed without leave are a nullity and need not be addressed to make a judgment final. *See* TEX.R. CIV. P. 166a(c).

in the Texas Supreme Court, that court decided *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191 (Tex.2001). Under *Lehmann*, the *Guajardo* summary judgment did not state with "unmistakable clarity" that it was a final judgment. *See Guajardo*, 46 S.W.3d at 864; *Lehmann*, 39 S.W.3d at 192–93. Therefore, the Texas Supreme Court had to decide if the *Guajardo* judgment disposed of all claims and all parties. *See Guajardo*, 46 S.W.3d at 864; *Lehmann*, 39 S.W.3d at 192. In this regard, the *Guajardo* respondents asserted that the judgment did dispose of all claims and all parties before the court because the only claims that it did not dispose of were late-filed under the trial court's Rule 166 scheduling order. *See Guajardo*, 46 S.W.3d at 864. The Texas Supreme Court rejected this argument and held that the judgment was interlocutory, stating that "the mere fact that [these claims] were late-filed does not mean that they were not properly before the court." *Id.*

■ Although *Guajardo* involved lateness under Rule 63 based on a Rule 166 order, this court has not treated lateness based on violation of a Rule 166 order differently from lateness based on filing within seven days of the summary-judgment hearing. *See Wilson v. Korthauer*, 21 S.W.3d 573, 576–78 (Tex.App.-Houston [14th Dist.] 2000, pet. denied) (applying *Goswami* analysis to pleading filed late under Rule 166 order). Coastal's counterclaim in this case was filed late under both Rule 63 and Rule 166a; however, in determining whether a summary judgment actually disposes of all claims for finality purposes, we see no valid reason to require that the judgment dispose of pleadings that are late only under Rule 63 but not to require that it dispose of pleadings that are late under Rules 63 and 166a. Though it might be reasonable to conclude that a late-filed pleading is not before the trial

court and therefore need not be actually disposed of to create a final judgment, the Texas Supreme Court has held to the contrary for pleadings late-filed under Rule 63. *See Guajardo*, 46 S.W.3d at 864. In light of this holding, we conclude that, to be final, summary judgments must also dispose of pleadings that are late under Rules 63 and 166a.

■ Under *Lehmann*, the trial court's August 23, 2003 judgment does not state with unmistakable clarity that it is a final judgment. *See Guajardo*, 46 S.W.3d at 864; *Lehmann*, 39 S.W.3d at 192–93, 205–06. For the judgment to actually dispose of all claims and parties, the judgment would have to dispose of Coastal's counterclaim. The judgment, however, only grants relief as to Essex's claims, and it does not refer to Coastal's counterclaim specifically or to the pleadings of the parties in general. The trial court's judgment does not dispose of Coastal's counterclaim. Furthermore, although Essex filed a motion to strike or sever Coastal's counterclaim, the trial court never ruled on it. *See Guajardo*, 46 S.W.3d at 864 (noting that the trial court had not stricken the late-filed claims in question, even though Guajardo had requested the court to do so). There is uncertainty as to the trial court's intent.

■ We note that this is arguably an issue of first impression and that the trial court may have believed that it did not need to dispose of Coastal's counterclaim to create a final judgment. The Texas Supreme Court has stated that when there is uncertainty regarding the intent of a summary-judgment order, we may abate the appeal to allow for clarification by the trial court or modification by the trial court to make the order final. *See* Tex. R.App. P. 27.2; *Moritz v. Preiss*, 121 S.W.3d 715, 718 (Tex.2003) (stating that Texas Rule of Appellate Procedure 27.2 allows an appealed order that is not final

to be modified so as to be made final); *McNally v. Guevara*, 52 S.W.3d 195, 196 (Tex.2001) (remanding appeal from interlocutory summary-judgment order to court of appeals so court could determine whether to abate the appeal to permit the trial court to render a final judgment or to dismiss the appeal for want of jurisdiction); *Lehmann*, 39 S.W.3d at 206 (stating that appellate court can abate the appeal to permit the trial court to clarify the intention of its order).

### III. ABATEMENT

We grant Coastal's request that this appeal be abated for a reasonable period to allow the trial court to clarify whether it intended its August 23, 2002 judgment to be an interlocutory judgment and to allow the trial court a reasonable time to strike or sever Coastal's counterclaim, if the trial court wishes to do so. The clerk of the trial court is ordered to prepare and file with this court a supplemental clerk's record containing any additional orders signed by the trial court in response to this abatement order. If the trial court does not take action in this regard within thirty days of the date of this order, then this court shall dismiss this appeal for lack of jurisdiction.