Opinion issued May 6, 2004









 






     





In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01197-CV




YOLANDA NAVARRO FLORES, Appellant

V.

MARK T. SANDOVAL, Appellee




On Appeal from the 10th District Court
Galveston County, Texas
Trial Court Cause No. 00CV0549




MEMORANDUM OPINION
          Appellant Yolanda Flores contends that the trial court lacked jurisdiction to
dismiss appellee Mark Sandoval’s claims without prejudice, pursuant to a non-suit. 
We conclude that the trial court had jurisdiction and therefore affirm. 
Facts
          In August 2001, Sandoval asserted a claim for attorney’s fees through a
petition in intervention in a pending lawsuit.


 In the petition, he sought to enforce an
alleged fee agreement that he entered into with Flores concerning the representation
of the plaintiff in the lawsuit. Shortly after Sandoval filed his petition, all of the
parties to the underlying lawsuit – except Sandoval – filed a “Final Agreed
Judgment,” which the trial court signed on August 14, 2001. The judgment did not
address Sandoval’s intervention, nor did it purport to dispose of all claims and all
parties to the lawsuit. Sandoval did not file a motion for new trial, and did not appeal
the agreed judgment. The court clerk administratively closed the file.
          A year later, Sandoval moved to reinstate the case for trial and to issue a
scheduling order. In addition, in September 2002, Sandoval filed an amended
petition in intervention in which he sought affirmative relief against both Flores and
the parties to the agreed judgment. In response, Flores contended that the trial court’s
plenary power had expired the previous year. See Tex. R. Civ. P. 306a, 329b; Tex.
R. App. P. 26.1. Sandoval then filed a notice of non-suit without prejudice, coupled
with a proposed order. The trial court signed Sandoval’s proposed order, from which
Flores appeals.



StandingSandoval contends that Flores lacks standing to appeal because she was not a
party to the 2001 agreed judgment. Sandoval, however, sued Flores as a party and
named her as a defendant in his amended petition in intervention. Flores does not
seek relief from the trial court’s 2001 judgment, but rather complains that – after
Sandoval sued her and she appeared – the trial court signed an order after its plenary
power had expired. If a trial court improperly acts after the expiration of its plenary
power, then a party has standing on appeal to complain of the issue, or if necessary,
to seek mandamus relief. Moore Landrey, L.L.P. v. Hirsch & Westheimer, P.C., 126
S.W.3d 536, 543 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (Although party
affected by void order need not appeal to set void order aside, if appeal is taken, court
of appeals authorized to declare order signed by trial court void); Estate of Howley
v. Haberman, 878 S.W.2d 139, 140 (Tex. 1994) (mandamus). We therefore conclude
that Flores has standing and address the merit of her claim.
Finality of the “Final Agreed Judgment”
          In general, an appeal may be taken only from a final judgment; that is, a
judgment that disposes of all pending parties and claims. Lehmann v. Har-Con Corp.,
39 S.W.3d 191, 192 (Tex. 2001). The intent to finally dispose of the case must be
unequivocally expressed in the words of the judgment. Id. at 200. If that intent is
clearly expressed in the judgment, it is final and appealable, even if the record does
not provide an adequate basis for rendition of judgment. Id. In determining whether
the trial court intended to render a judgment disposing of all pending claims and
parties, we may also look to the record from the trial court, “aided on occasion by the
conduct of the parties.” Id. at 203.
          Flores contends that the judgment here is final because it is entitled “Final
Agreed Judgment,” and recites at its conclusion that “This is a FINAL
JUDGMENT.”


 (Emphasis in original). Flores further relies upon the following
language:
 IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the
court that any and all cross claims and third-party claims, including but
not limited to any and all claims for contribution and indemnity which
were or could be asserted or could have been asserted herein are
dismissed with prejudice to refiling.

(Emphasis added). 
          In contrast, Sandoval relies both on Lehmann and on Guajardo v. Conwell, 46
S.W.3d 862, 864 (Tex. 2001), to contend that the agreed final judgment neither
actually disposed of every pending claim and party, nor did it purport to be a final
judgment as to “all claims and all parties.” 
          We agree. Absent a conventional trial on the merits, a judgment is final if the
judgment states that it actually disposes of all claims and parties, or if the record
evidences the intent that the judgment dispose of all claims and all parties. Lehmann,
39 S.W.3d at 192; Conwell, 46 S.W.3d at 863–64. In Lehmann, the Texas Supreme
Court held that a final judgment is not required to be in any particular form, and that
whether a judicial decree constitutes a final judgment must be determined from its
language and the record in the case. Lehmann, 39 S.W.3d at 195. 
          The agreed final judgment in this case includes language that indicates finality
as to the parties to it. The parties in agreement, however, did not include all of the
parties to the case. Nor does the judgment purport to dispose of all parties and all
claims, but instead disposes only the agreeing parties’ claims, cross-claims, and third
party claims. Sandoval’s petition in intervention fits within none of these categories. 
See Tex. R. Civ. P. 60, 61. Moreover, as the trial court signed this judgment pursuant
to a settlement agreement, absent Sandoval’s agreement, the judgment cannot be
construed to apply to him. Cary v. Cary, 894 S.W.2d 111, 112 (Tex. App.—Houston
[1st Dist.] 1995, no writ) (“It has long been the law of this state that a court cannot
render a valid consent judgment unless at the time of rendition, all parties consent to
the agreement underlying the judgment.”); See also Burnaman v. Heaton, 150 Tex.
333, 338, 240 S.W.2d 288, 291 (1951).
          The record in this case supports the interlocutory nature of the agreed
judgment. It does not show that the trial court even was aware that Sandoval had
intervened in the ongoing lawsuit two weeks before it signed the agreed judgment. 
The parties to the judgment did not bring Sandoval’s claim in intervention to the
attention of the trial court, and the judgment neither expressly nor impliedly refers to
his claim. Thus, the parties gave no indication that they intended to dismiss
Sandoval’s intervention – and could not do so, by agreement, absent his consent. See
Lehmann, 39 S.W.3d at 203 (determining whether trial court intended to render a
judgment disposing of all pending claims and parties, court may be aided by conduct
of the parties). Based on the language of the judgment and the record presented, we
hold that the judgment was not final with respect to Sandoval’s claim. Thus, the trial
court had jurisdiction over the remaining piece of the pending case at the time it
signed the non-suit order.
Conclusion
          The trial court had jurisdiction over the case when it signed the non-suit order
dismissing Sandoval’s intervention without prejudice. We therefore affirm the
dismissal order.
 
                                                             Jane Bland
                                                             Justice

Panel consists of Chief Justice Radack and Justices Alcala and Bland.