**Dismissed and Memorandum Opinion filed March 26, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-14-00328-CV

## IN THE INTEREST OF E.S., A CHILD

**On Appeal from the 310th District Court
Harris County, Texas
Trial Court Cause No. 2013-30109**

## M E M O R A N D U M   O P I N I O N

Appellant, A.N., is the purported father of minor child, E.S. A.N. appeals a summary judgment in favor of appellee, S.S., who is the presumed father of E.S. and the husband of E.S.'s biological mother, L.S. A.N. appeals on grounds that (1) conflicting affidavits allegedly raised a genuine issue of material fact; and (2) summary judgment evidence was inadmissible. We dismiss the appeal for want of jurisdiction because there is no final, appealable order.

BACKGROUND

In January 2005, E.S.'s purported father A.N. ("Purported Father") and E.S.'s biological mother L.S. ("Mother") began a relationship while Mother was married to presumed father S.S. ("Husband"). Mother ended the relationship with Purported Father about six months later. Purported Father alleged that he later found out that Mother was pregnant, but Mother denied the child was his. E.S. was born on March 14, 2006. Purported Father alleged that Mother told him E.S. was his child, and that she was married to Husband. Purported Father alleged that he has had a parent-child relationship with E.S. since E.S. was one month old, and that Mother helped to promote the relationship. According to Purported Father, Mother refused to let him see or contact E.S. shortly before E.S.'s seventh birthday in March 2013.

Purported Father filed an original petition in suit affecting the parent-child relationship naming Mother as respondent and asking the court to appoint him and Mother joint managing conservators.

Mother filed an original answer and an original counter-petition in suit affecting the parent-child relationship asking the trial court to appoint her sole managing conservator of E.S.; enter temporary orders and issue an injunction; and award attorney's fees, expenses, and costs.

Mother filed a combined traditional and no-evidence summary judgment motion arguing that Purported Father's suit is barred by a four-year statute of limitations as provided in Texas Family Code section 160.607.

Mother filed a first amended counter-petition, in which she asked the trial court, among other things, to (1) appoint her as sole managing conservator of E.S.; (2) dismiss Purported Father's suit because it is barred by the statute of limitations; (3) "make temporary orders" and enjoin Purported Father from taking several enumerated actions;

and (4) award Mother attorney's fees, expenses, and costs.

The trial court signed an order denying Mother's motion for traditional and no-evidence summary judgment.

Purported Father filed his first amended petition in suit affecting the parent-child relationship and petition to adjudicate parentage. He named Mother as respondent; he sought to establish the parent-child relationship between him and E.S., and to set provisions for custody, support, and possession of E.S. He also asked the trial court to (1) appoint him and Mother as joint managing conservators of E.S.; (2) enter temporary orders and issue an injunction; and (3) award him attorney's fees, expenses, and costs.

Purported Father filed a second amended petition in suit affecting the parent-child relationship and petition to adjudicate parentage naming Mother and Husband as respondents.[1]

Husband filed his original answer and an original counter-petition in suit affecting the parent-child relationship, in which he asked the trial court, among other things, to (1) appoint him as sole managing conservator of E.S.; (2) dismiss Purported Father's suit because it is barred by the statute of limitations; (3) "make temporary orders" and enjoin Purported Father from taking several enumerated actions; and (4) award Husband attorney's fees, expenses, and costs.

Purported Father filed a third amended petition in suit affecting the parent-child relationship and petition to adjudicate parentage. He named Mother and Husband as respondents and stated that "[t]he purpose of this suit is to establish the parent-child relationship between [Purported Father] and the child subject of this suit and set provisions for custody, support and possession of the child. The purpose of this suit is

---

[1] The record does not contain this pleading. Mother and Husband contend in their appellate brief that Purported Father filed a second amended petition. Purported Father's second amended petition is not necessary to our disposition.

to also exclude [Husband] as the biological father of the child subject to this suit and overcome [Husband]'s presumption of parentage." Purported Father asked the trial court, among other things, to appoint him and Mother as joint managing conservators; issue temporary orders and an injunction on several listed grounds; and award him attorney's fees, expenses, and costs.

Husband filed a motion for traditional and no-evidence summary judgment, in which he argued that (1) he is the presumed father of E.S.; (2) Purported Father's suit is barred by a four-year statute of limitations as set out in Texas Family Code section 160.607; (3) Purported Father did not bring his suit within four years of E.S.'s date of birth and cannot establish an exception to the four-year statute of limitations; (4) Husband and Mother cohabited and engaged in sexual intercourse at the probable time E.S. was conceived; and (5) the doctrine of equitable estoppel is inapplicable in this case.

Purported Father filed a response to Husband's summary judgment motion.

The trial court held a hearing on Husband's summary judgment motion and signed an order granting Husband's traditional and no-evidence summary judgment motion.

Purported Father filed a notice of appeal.

### JURISDICTIONAL ANALYSIS

"An appellate court lacks jurisdiction to review an interlocutory order unless a statute specifically authorizes an exception to the general rule, which is that appeals may only be taken from final judgments." *Qwest Commc'ns Corp. v. AT & T Corp.*, 24 S.W.3d 334, 336 (Tex. 2000) (per curiam).

Generally, a judgment is final if it disposes of all pending parties and claims in the record. *Guajardo v. Conwell*, 46 S.W.3d 862, 863-64 (Tex. 2001) (per curiam);

4

*Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192 (Tex. 2001). In cases such as this, in which there is no conventional trial on the merits, a judgment is final for purposes of appeal only if it (1) actually disposes of all claims and parties before the court, regardless of its language; or (2) states with unmistakable clarity that it is a final judgment. *Guajardo*, 46 S.W.3d at 863–64; *Lehmann*, 39 S.W.3d at 192, 200. If other claims remain in the case, "an order determining the last claim is final." *Lehmann*, 39 S.W.3d. at 200. Whether an order is a final judgment for purposes of appeal must be determined from its language and the record in the case. *Id*. at 195.

Finality of a judgment can no longer be determined solely by the existence of a "Mother Hubbard" clause, which includes the language "all relief not expressly granted herein is denied," especially when a judgment is rendered without a conventional trial on the merits. *Id*. at 203-04. Nor can the status of an order be conclusively determined by its title "final" or "interlocutory." *Id*. at 200. The intent to finally dispose of the case must be unequivocally expressed in the words of the order itself. *Id*.

The trial court's order granting Husband's motion for traditional and no-evidence summary judgment contains no language indicating finality. Additionally, Mother's amended counter-petition in suit affecting the parent-child relationship and Husband's original counter-petition in suit affecting the parent-child relationship contain claims for affirmative relief that have not yet been adjudicated. The trial court's summary judgment order does not purport to adjudicate Mother's and Husband's claims.

Mother and Husband asked the trial court in their respective pleadings to (1) appoint Mother and Husband as sole managing conservators of E.S.; (2) deny Purported Father access to E.S.; (3) order Purported Father to make child support payments and provide medical child support; (4) "make temporary orders for the safety and welfare of [E.S.], including" appointing Mother and Husband temporary sole managing conservators of E.S., determining paternity, denying Purported Father access to E.S., and ordering Purported Father to "pay reasonable interim attorney's fees and expenses;"

5

(5) enjoin Purported Father from disturbing E.S., or Mother and Husband, or "interfering in any way with [Mother's and Husband's] possession of [E.S.] by taking or attempting to take possession of [E.S.], directly or through any other person, from the residence, school, or any other place," withdrawing E.S. from enrollment in school or day-care, "[h]iding or secreting" E.S. from Mother and Husband, making disparaging remarks regarding Mother and Husband in E.S.'s presence, and interfering with E.S.'s present health insurance coverage; and (6) award Mother and Husband "reasonable attorney's fees, expenses, and costs through trial and appeal."

Because the summary judgment order does not appear to be final on its face, and because it did not dispose of Mother's and Husband's affirmative claims, including claims for attorney's fees, it is not an appealable judgment. *See McNally v. Guevara*, 52 S.W.3d 195, 196 (Tex. 2001) (judgment was not final and appealable in part because "it did not dispose of the defendants' claim for attorney's fees"). Accordingly, we dismiss the appeal for want of jurisdiction because there is not a final appealable order.

### CONCLUSION

We dismiss Purported Father's appeal for lack of jurisdiction.

/s/    William J. Boyce
        Justice

Panel consists of Chief Justice Frost and Justices Boyce and McCally.

6