ACCEPTED
12-14-00016-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
5/28/2015 2:39:56 PM
CATHY LUSK
CLERK

No. 12-14-00016-CV

_____

IN THE TWELFTH COURT OF APPEALS

STATE OF TEXAS

TYLER, TEXAS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
5/28/2015 2:39:56 PM
CATHY S. LUSK
Clerk

_____

JUAN ENRIQUEZ, TDCJ # 227122,
Plaintiff-Appellant,

v.

RICK THALER et al.,
Defendants-Appellees.

_____

On Direct Appeal from the 3rd Judicial District
Court of Anderson County, Texas
Trial Court Cause No. 3-41887

_____

## APPELLEES' RESPONSE IN OPPOSITION TO APPELLANT'S MOTION TO ABATE APPEAL

**TO THE HONORABLE JUSTICES OF THE TWELFTH COURT OF APPEALS:**

Appellees Rick Thaler, Brad Livingston, Oliver Bell, Todd Foxworth, John Rupert, and Reynaldo Castro, through the Office of the Attorney General, submit this response in opposition to Appellant's motion to abate appeal. Appellees ask this Court to deny the motion to abate.

### STATEMENT OF FACTS

Appellant alleges claims of racial discrimination and segregation. C.R. at 8-10. Specifically, Appellant alleges a violation of 42 U.S.C. § 1983 equal protection

1

rights. C.R. at 10. Appellant alleges that Appellees have maintained and operated a racially segregated and racially discriminatory prison system which discriminates against Hispanics by denying them equal educational opportunities and rehabilitative programs, housing them in segregated facilities, assigning jobs on basis of race and color, denying them equal medical and dental treatment, and disciplining them with harsher punishments. C.R. at 8. Appellant further claims that Appellees have a policy in place regarding the supervision of their units that denies equal treatment and services to Hispanics that are "provided routinely to Anglo inmates." C.R. at 10.

The trial court issued an Order of Dismissal on December 11, 2013, for failure to comply with Chapter 14 of the Texas Civil Practice and Remedies and Section 501.008 of the Government Code. C.R. at 133.

ARGUMENT AND AUTHORITIES

Texas Rules of Appellate Procedure Rule 27.1 allows an appeal to be filed prematurely. Rule 27.1(a) states that in a civil case, a prematurely filed notice of appeal is effective and deemed filed on the day of, but after, the event that begins the period for perfecting appeal. Here, the Appellant contends that he filed a motion to vacate "contesting, inter alia, the withdrawal order." *Appellant's "Plea to the Jurisdiction"* at 2. Appellant argues that the "documentation of costs" was not provided to him until after he filed his Notice of Appeal. *Appellant's "Plea to*

2

*the Jurisdiction"* at 3. The amount withdrawn from Appellant's TDCJ Trust Fund is not a claim against Defendants; the Order of Dismissal lays out that Appellant was not considered indigent and ordered Appellant to pay in accordance with CPRC § 14.006 by quoting the language of the statute verbatim. C.R. 133. Costs of the suit were not an issue presented in the claims brought before the trial court and should not be considered by this Court. Appellant further pleads that because he did not receive a ruling on the motion to vacate,[1] there was no final judgment from which to appeal. *Appellant's "Plea to the Jurisdiction"* at 3. The unanswered motion to vacate does not affect the status of the Order of Dismissal as a final judgment.[2]

A judgment is final if it disposes of all pending parties and claims in the record. *Garcia v. Comm'rs Court of Cameron Cnty.*, 101 S.W.3d 778, 784 (Tex. App. 2003) (citing *Guajardo v. Conwell*, 46 S.W.3d 862, 863-64, 44 Tex. Sup. Ct. J. 693 (Tex. 2001) (per curiam) (citing *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195, 44 Tex. Sup. Ct. J. 364 (Tex. 2001)); *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272, 36 Tex. Sup. Ct. J. 205 (Tex. 1992) (orig. proceeding). In cases

---

[1] Appellant did not include a proposed order.

[2] If the trial court were to consider Plaintiff's motion to vacate, the appellate court would then treat the appeal as from the subsequent order. *See* TRAP 27.3 (After an order or judgment in a civil case has been appealed, if the trial court modifies the order or judgment, or if the trial court vacates the order or judgment and replaces it with another appealable order or judgment, the appellate court must treat the appeal as from the subsequent order or judgment and may treat actions relating to the appeal of the first order or judgment as relating to the appeal of the subsequent order or judgment. Any party may appeal from the subsequent order or judgment).

in which only one final and appealable judgment can be rendered, a judgment issued without a conventional trial is final for purposes of appeal if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment. *Lehmann*, 39 S.W.3d at 204. The law does not require that a final judgment be in any particular form. *Id*. at 195. Therefore, whether a decree is a final judgment must be determined from its language and the record in the case. *Id*.

Here, abating appeal is not proper because the trial court's Order to Dismiss constitutes a final judgment. C.R. 133. In addition to listing the reasons for dismissal under Chapter 14 of the Texas Civil Practices and Remedies Code and Section 501.008 of the Government Code, the trial court also addressed that the Plaintiff was not indigent based upon the funds in his inmate trust account on February 7, 2012. C.R. at 133. The Appellant presented no other claims to be decided by the trial court for purposes of this lawsuit. In the Order to Dismiss, the trial court used the language "It is hereby, ORDERED, ADJUDGED AND DECREED that the action of Plaintiff against Defendant be dismissed without prejudice." C.R. at 133. Therefore, all claims and parties were disposed of under this judgment.

## CONCLUSION

4

Appellees request that the Appellant's Motion to Abate styled as "Plea to the Jurisdiction" be denied because Appellant has appealed a valid final judgment from the trial court, giving this court jurisdiction over the appeal.

Respectfully submitted,

**KEN PAXTON**
Attorney General of Texas

**CHARLES E. ROY**
First Assistant Attorney General

**JAMES E. DAVIS**
Deputy Attorney General for Civil Litigation

**KAREN D. MATLOCK**
Assistant Attorney General
Chief, Law Enforcement Defense Division

**/s/ Briana M. Webb**
**BRIANA M. WEBB**
Assistant Attorney General
Texas Bar No. 24077883

Law Enforcement Defense Division
Office of the Attorney General
Post Office Box 12548
Austin, Texas 78711-2548
(512) 463-2080 / fax (512) 936-2109

**ATTORNEY FOR APPELLEES**

**NOTICE OF ELECTRONIC FILING**

I, **BRIANA M. WEBB**, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing Brief in accordance with the electronic filing system for the Twelfth Court of Appeals on this the 28th day of May, 2015.

*/s/ Briana M. Webb*
**BRIANA M. WEBB**
Assistant Attorney General

**CERTIFICATE OF SERVICE**

I, BRIANA M. WEBB, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing has been served by placing same in the United States Mail, postage prepaid on May 28, 2015, addressed to Appellant as noted below.

Juan Enriquez, TDCJ# 227122
Michael Unit
2664 FM 2054
Tennessee Colony, Texas 75886
*Appellant Pro-se*

/s/ *Briana M. Webb*
**BRIANA M. WEBB**
Assistant Attorney General