

In The
Court of Appeals
Seventh District of Texas at Amarillo

No. 07-14-00268-CV

JO A. MOORE AND ANTHONY MOORE, APPELLANTS

V.

JOHN A. HURTADO, APPELLEE

On Appeal from the County Court at Law No. 2
Bexar County, Texas
Trial Court No. 393,075, Honorable Jason Wolff, Presiding

June 16, 2015

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellants, Jo A. Moore and Anthony Moore (the Moores), acting *pro se,* appeal from a judgment of eviction. The Moores were tenants of property. John A. Hurtado (Hurtado) was their landlord. Hurtado initiated, in a Bexar County Justice Court, a forcible entry and detainer proceeding to evict the Moores due to their failure to pay rent. The proceeding was submitted to a jury, which jury awarded possession to Hurtado. The Moores appealed to the Bexar County Court at Law No. 2. The latter set the cause for hearing, heard the dispute, and subsequently entered judgment awarding

possession of the property to Hurtado. The Moores appealed that judgment as well and assert a number of complaints before us. We affirm.

*Preliminary Observation*

Many of the complaints or issues before us involve questions of fact.[1] However, the Moores supplied us with no reporter's record transcribing the evidence and argument presented when the cause was tried by the Bexar County Court at Law. Nor does the record reflect that they requested a reporter's record. Nonetheless, they attached documents or alleged evidence to their appellate brief, which items purport to support their claims. Since those items are not part of the official appellate record, *see* TEX. R. APP. P. 34.1 (describing the official appellate record as the clerk's record and reporter's record), we cannot consider them. *In re Guardianship of Winn*, 372 S.W.3d 291, 297 (Tex. App.—Dallas 2012, no pet.); *accord Guajardo v. Conwell*, 46 S.W.3d 862, 864 (Tex. 2001) (stating that it would not consider a document that was not in the clerk's record).

*Sufficiency of Notice*

The Moores first contend that they only received three days' notice of Hurtado's intent to evict them. They allege that he was obligated to provide them ten days' notice. We overrule the issue.

According to statute, a landlord must give a defaulting tenant under a written or oral lease at least three days' written notice to vacate the premises before he files a forcible detainer suit. TEX. PROP. CODE ANN. § 24.005(a) (West 2014). The record

---

[1] For instance, they contended that 1) they were not in arrears, 2) Hurtado failed to prove the amount of rentals owed, 3) they provided Hurtado various services which satisfied the rent due, 4) Hurtado owed them several thousand dollars for mowing his lots, and 5) Hurtado committed acts of retaliation against them.

illustrates that the Moores received written notice to vacate by January 29, 2014. Hurtado did not initiate the eviction proceeding until February 5, 2014. The period of time between those two dates exceeds three days. Therefore, Hurtado complied with § 24.005(a) of the Property Code.

While the Moores cite § 24.006 as requiring at least ten days' prior notice, that statute pertains to the recovery of attorney's fees. It provides:

> Except as provided by Subsection (b), *to be eligible to recover attorney's fees in an eviction suit*, a landlord must give a tenant who is unlawfully retaining possession of the landlord's premises a written demand to vacate the premises. The demand must state that if the tenant does not vacate the premises before the 11th day after the date of receipt of the notice and if the landlord files suit, the landlord may recover attorney's fees. The demand must be sent by registered mail or by certified mail, return receipt requested, at least 10 days before the date the suit is filed.

*Id.* § 24.006(a) (emphasis added). No attorney's fees were awarded to Hurtado. Thus, whether Hurtado complied with § 24.006(a) is a moot question.[2]

*No Written Lease*

The Moores next contend that the obligation to pay rent arises only under a written lease. Since they signed no written lease, they allegedly had no obligation to pay rent. We know of no legal authority supporting that proposition. A lease may be written or oral, as implicitly recognized by § 24.005(a) of the Texas Property Code. *Id.*

---

[2] The Moores refer to § 94.206 of the Texas Property Code as also requiring ten days' notice. That statute provides, among other things, that a landlord may evict a tenant if the tenant is delinquent, the landlord notifies the tenant in writing of the delinquency, and the tenant fails to pay in full before the 10th day after the date the tenant receives the notice. TEX. PROP. CODE ANN. § 94.206 (West 2014). Yet, § 94.206 falls under Chapter 94 of the Property Code, and Chapter 94 applies "only to the relationship between a landlord who leases property in a manufactured home community and a tenant leasing property in the manufactured home community for the purpose of situating a manufactured home on the property." *Id.* § 94.002(a). It does not apply to a relationship between "a landlord who owns a manufactured home and a tenant who leases the manufactured home from the landlord," among other things. *Id.* § 94.002(b)(1). The limited record before us fails to illustrate whether the relationship between the Moores and Hurtado is one encompassed by § 94.002(a) or § 94.002(b)(1). So, we cannot say that § 94.206 applied at bar.

3

§ 24.005(a) (stating that "[i]f the occupant is a tenant *under a written lease or oral rental agreement*, the landlord must give a tenant who defaults or holds over beyond the end of the rental term or renewal period at least three days' written notice to vacate . . . ."). So, the obligation to pay rent may indeed arise under an oral lease agreement, and we overrule this issue.

*Retaliation*

Next, the Moores argue that Hurtado's eviction constituted retaliation. While statute prohibits a landlord from retaliating against a tenant who undertook certain action, *id.* § 92.331(a)(1) (describing the actions in question), an eviction is not retaliation when "the tenant is delinquent in rent when the landlord gives notice to vacate or files an eviction action." *Id.* § 92.332(b)(1); *Hernandez v. Gallardo*, No. 08-12-00178-CV, 2014 Tex. App. LEXIS 11878, at *12-13 (Tex. App.—El Paso October 29, 2014, pet. denied). The record illustrates that Hurtado sought to evict the Moores due to the non-payment of rent. The trial court also implicitly found them to be delinquent when it awarded Hurtado past due rent of $1400. So, § 92.331(a)(1) did and does not apply, and we overrule the claim of retaliation.

*Remaining Issues*

The Moores' remaining issues fail because of the absence of a reporter's record. Each depended upon the presentation and consideration of evidence at trial. Furthermore, they had the duty to present a sufficient record to establish the error about which they complained. *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990). We do not independently determine factual matters, and, without a reporter's record, we have no basis upon which to determine the sufficiency of the evidence as to the

4

numerous fact issues involved. *Rich v. Olah*, 274 S.W.3d 878, 884 (Tex. App.—Dallas 2008, no pet.) (stating that an appellate court is not a factfinder and may not pass upon the credibility of the witnesses or substitute its judgment for that of the trier of fact). And, as previously mentioned, we cannot consider the documents appended to their brief as a substitute for the missing record. *In re Guardianship of Winn*, *supra.* Without a reporter's record, we have no way of addressing the merits of the remaining, and factually dependent, claims. Indeed, we must presume that the evidence not provided us via the reporter's record supported the trial court's judgment. *Schafer v. Conner*, 813 S.W.2d 154, 155 (Tex. 1991); *In re Guardianship of Winn*, 372 S.W.3d at 298.

Accordingly, the judgment is affirmed.


Brian Quinn
Chief Justice