**Dismissed and Memorandum Opinion filed November 22, 2016.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-15-00873-CV

---

## THAI XUAN VILLAGE CONDOMINIUM ASSOCIATION, INC., Appellant

## V.

## HIEN LUU AND TRANG PHONG, Appellees

---

**On Appeal from the 189th District Court
Harris County, Texas
Trial Court Cause No. 2012-32203**

---

## M E M O R A N D U M   O P I N I O N

Appellant Thai Xuan Village Condominium Association, Inc. appeals the summary judgment granted in favor of appellees Hien Luu and Trang Phong (Luu and Phong) on their claim for wrongful foreclosure. Thai Xuan contends that the motion filed by Luu and Phong was legally insufficient and failed to establish that there was no genuine issue of material fact and that Luu and Phong were entitled to judgment as a matter of law. We dismiss the appeal for want of jurisdiction

because there is no final, appealable order.

## BACKGROUND

Luu and Phong purchased a condominium located in Houston, Texas on September 29, 2000. Almost twelve years later, their homeowners association Thai Xuan Village Condominium Association, Inc., (hereafter referred to as the Association) sold the condominium at a non-judicial foreclosure sale to Kim Pham for $3,540. The Association conducted the foreclosure sale on the unit because it claimed Luu and Phong had defaulted on various monthly maintenance assessments, repair costs, and other charges owed to the Association. Two months after the foreclosure sale, Kim Pham sold the property to Ding Ba Nguyen (Nguyen).

Upon learning of the sale, Luu and Phong filed suit against the Association and Kim Pham to set aside the foreclosure sale. Luu and Phong later amended their petition and brought claims against Nguyen and Hung Pham (the President of the Association at the time of the foreclosure). Luu and Phong asserted claims for declaratory judgment relief, the right to title and possession of the property, and to quiet title. In addition, they asserted claims for fraud, civil conspiracy, and attorneys' fees against the Association, Hung Pham, and Kim Pham.

Almost two years after they filed suit, Luu and Phong non-suited their claims against the Association. They continued to press their claims against Nguyen, Hung Pham, and Kim Pham. Nguyen, however, brought the Association back into the litigation, asserting multiple claims against it related to the sale. Nguyen also asserted counterclaims against Luu and Phong, and cross-claims against Kim Pham.

Nguyen filed traditional and no-evidence motions for partial summary

2

judgment against Luu and Phong on their claims for trespass to try title, to quiet title and declaratory judgment, and on the issue of his status as a bona fide purchaser. The trial court granted Nguyen's motion for summary judgment on all of Luu and Phong's claims against him. Nguyen later non-suited the remainder of his counter claims, cross-claims, and third-party claims.

Meanwhile, though they had non-suited the claims several months earlier, Luu and Phong re-asserted their claims against the Association. In their Fourth Amended Petition, Luu and Phong asserted claims against the Association for wrongful foreclosure, fraud, civil conspiracy, and attorneys' fees. They also asserted claims for fraud, civil conspiracy, and attorneys' fees against Kim Pham and Hung Pham. Kim Pham and Hung Pham were subsequently non-suited so that, at the time the motion for partial summary judgment (discussed below) was granted, only Luu and Phong's claims against the Association remained pending.

Luu and Phong moved for traditional summary judgment against the Association on their claim for wrongful foreclosure. Luu and Phong argued that the notice of default was defective, the trustee acted without authority in making the sale, and the trustee sold the property for a grossly inadequate price. The motion for partial summary judgment did not address, nor move for summary judgment on, the claims for fraud, civil conspiracy, and attorneys' fees. The Association filed no response to the motion for partial summary judgment.

The trial court granted the motion for partial summary judgment. The text of the order, titled "Partial Summary Judgment" states as follows:

> On the 7th day of August, 2015, the Court heard Plaintiffs' Motion for Partial Summary Judgment. The parties appeared before the Court for the hearing on the Motion. After considering the pleadings, motion, response, evidence on file, and arguments of counsel, the court Granted the Motion. Thai Xuan Village Condominium Association

3

Inc. filed no response.

The Court hereby renders judgment for Plaintiffs. Therefore, the court orders that Plaintiffs Hien Luu and Trang Phong, recover from Cross-Defendant Thai Xuan Village Condominium Association, Inc. the sum of $40,000.00, postjudgment interest on the total sum at the annual rate of 5% and court costs.

Plaintiff is allowed such writs and processes as may be necessary in the enforcement and collection of this judgment.

The Association timely filed a motion for new trial. After a hearing, the trial court denied the motion for new trial and this appeal followed.

## JURISDICTIONAL ANALYSIS

Although not raised by either party, we have an obligation to ensure that we have jurisdiction before proceeding to the merits of the appeal. *See M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004) (per curiam); *Royal Indep. Sch. Dist. v. Ragsdale*, 273 S.W.3d 759, 763 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (jurisdiction is fundamental in nature and may not be ignored). "An appellate court lacks jurisdiction to review an interlocutory order unless a statute specifically authorizes an exception to the general rule, which is that appeals may only be taken from final judgments." *Qwest Commc'ns Corp. v. AT&T Corp.*, 24 S.W.3d 334, 336 (Tex. 2000) (per curiam). In cases like this, in which there is no conventional trial on the merits and no statutory exception applies, a judgment is final for purposes of appeal only if: (1) it actually disposes of all claims and parties before the court, regardless of its language; and (2) the order states with unmistakable clarity that it is a final judgment. *See Guajardo v. Conwell*, 46 S.W.3d 862, 863–64 (Tex. 2001) (per curiam); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192 (Tex. 2001).

A judgment that does not dispose of all parties and claims is interlocutory

4

and will not be considered final for purposes of appeal unless the intent to finally dispose of the case is unequivocally expressed in the words of the order itself. *In re Burlington Coat Factory Warehouse of McAllen, Inc.*, 167 S.W.3d 827, 830 (Tex. 2005) (orig. proceeding); *Lehmann*, 39 S.W.3d at 200. Such an order would be erroneous to the extent that it granted more relief than requested, but it would be considered final for purposes of appeal. *See Lehmann*, 39 S.W.3d at 200 (a judgment that grants more relief than requested by a party would not be interlocutory, but would be subject to reversal). In *Lehmann*, the Texas Supreme Court instructed that appellate courts should review the record in the case and the language of the order to determine whether the order is final. *Id.* at 205–06.

A review of the record in this case reveals that the Partial Summary Judgment does not actually dispose of all claims asserted by Luu and Phong against the Association. The Fourth Amended Petition, the live pleading at the time of the Partial Summary Judgment, set forth claims for affirmative relief that have not yet been adjudicated—the claims for fraud, civil conspiracy, and attorneys' fees. The record does not contain any orders of severance or nonsuit addressing those claims. The motion for partial summary judgment filed by Luu and Phong against the Association does not mention the claims for fraud, civil conspiracy, and attorneys' fees. It is premised only on the claim for wrongful foreclosure. As a result, the Partial Summary Judgment does not dispose of all claims, and is not final for purposes of appeal unless the language of the order unequivocally expresses an intent to dispose of the case. *See Lehmann*, 39 S.W.3d at 200.

The Partial Summary Judgment order signed by the trial court does contain some language indicating finality. For example, the order "renders judgment" for Luu and Phong, awards them post-judgment interest and costs, and states that processes and writs may issue for enforcement. This language, however, does not

5

unequivocally indicate the trial court's intent to finally dispose of all of Luu and Phong's claims. *See In Re Burlington Coat Factory*, 167 S.W.3d at 830.

In *In re Burlington Coat Factory*, the Texas Supreme Court addressed similar language contained in a default judgment order. *Id.* at 828. The plaintiff sued the retail store for actual and exemplary damages arising from injuries sustained while shopping at the store in McAllen. *Id.* When Burlington failed to answer, the trial court entered a default judgment finding Burlington negligent and awarding actual damages. *Id.* The order was silent on the exemplary damages claim. The order did award post-judgment interest and costs, include a Mother Hubbard clause, and state that the judgment could be enforced through "abstract, execution and any other process necessary." *Id.* at 830. The Texas Supreme Court first determined that the judgment did not dispose of all claims because it did not dispose of the claim for exemplary damages based on gross negligence. *Id.*

The Court then found that the language providing for costs, post-judgment interest, and execution of the judgment did not render the judgment final. *Id.* Relying on its prior decision in *Houston Health Clubs, Inc. v. First Court of Appeals*, 722 S.W.2d 692 (Tex. 1986) (orig. proceeding), the Court found the language did not *unequivocally* indicate an intent to finally dispose of the case. *In Re Burlington Coat Factory*, 167 S.W.3d at 830. The Court noted that trial courts sometimes include an allowance for "writs, attachments, executions, and processes" in interlocutory judgments that are intended to become final only after other claims are later adjudicated. *Id.* The Court held "[w]e cannot conclude that language permitting execution 'unequivocally express[es]' finality in the absence of a judgment that actually disposes of all parties and all claims." *Id.*

Similarly, the judgment in this case does not actually dispose of all claims— it does not dispose of the fraud, civil conspiracy, or attorneys' fees claims. It is

titled "Partial Summary Judgment." Although it allows for costs and post-judgment interest, and includes language allowing execution on the judgment, it does not include language indicating the intent to dispose of all claims. *Cf., e.g.*, *Lehmann*, 39 S.W.3d at 206 ("This judgment finally disposes of all parties and all claims and is appealable."). As in *In re Burlington Coat Factory*, we cannot conclude that the language permitting execution on the judgment "unequivocally expresses finality." 167 S.W.3d at 830. Because the Partial Summary Judgment does not actually dispose of all of the claims asserted by Luu and Phong against the Association, and the order does not unequivocally express the trial court's intent to dispose of all claims, the Partial Summary Judgment is not an appealable judgment. *Id.* Accordingly, we dismiss the appeal for want of jurisdiction because there is not a final appealable order.

## CONCLUSION

We dismiss the Association's appeal for lack of jurisdiction.

/s/    Ken Wise
Justice

Panel consists of Justices Busby, Donovan, and Wise.